UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

Plaintiff,

v.  Civil Action No.

MONTACHUSETTES REGIONAL TRANSIT AUTHORITY

Defendant

# COMPLAINT

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Paul Jones ("Plaintiff"), is an adult individual residing in Stoughton, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Montachusett's Regional Transit Authority (MART), is a Massachusetts business entity with an address of 1427 Water St a, Fitchburg, MA 01420, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. From on or about , June 17, 2019 Defendants and/or its Agents placed calls to Plaintiff's cellular telephone, number 617-939-5417, by using an automated telephone dialer system

("ATDS") and/or by using an artificial or prerecorded voice.

7. Plaintiff received calls from defendants and/or its Agents from telephone numbers 978-252-0019 and 987-424-9002.

8. Defendants and/or its Agents left prerecorded computerized artificial messages on Plaintiff's cellular telephone to schedule transportation trips for his employer / job.

9. The pre-recorded messages Plaintiff received always stated, "This is a call from MART."

10. Plaintiff advised defendants repeatedly that he was being called on his personal cellular telephone and instructed MART to cease all calls including the prerecorded computerized artificial automated calls to his cellular telephone number.

11. Despite Plaintiff's repeated and unequivocal instructions, defendants and/or its Agents continued placing automated calls to Plaintiff's cellular telephone.

12. Defendants continually called plaintiff with and Automatic Telephone dialing System and or a predictive dialer and left artificial computerized voice messages from on or about June 17, 2019 until on or about July 20, 2019.

14. Defendants and or its agents called plaintiff from 6:00 am until sometimes 7:30 pm. 5 days a week.

15. Defendants did not have express written consent to call plaintiff on his cellular telephone with an Automatic Telephone dialing system or a predictive dialer.

16. Defendants Prerecorded Computerized artificial messages to plaintiffs cellular telephone stated " *"I found (a number of) trip in this request you must be authorized to except New trips from MART please listen to the following carefully press five to hear the trips now press six if you cannot accept these trips right now and would like to receive a call back in a few minutes press seven if you wish to*

*decline these trips please make your selection now if you would like to hear these options again press eight..."*

17. Plaintiff revoked his consent to be called on his personal cellular telephone several time verbally and in writing by USPS Certified Return Receipt as early as 2017 twice.

18. For consumers with cell phones unwanted robocalls cause direct, concrete, monetary injury by depleting a cell phone's battery, and the cost of electricity to recharge the phone and is also a tangible harm.  While small, this cost is a real one, and the cumulative effect can be consequential, any injury that is concrete suffices for standing, regardless of how small.

19. Defendant robocalls also cause plaintiff intangible injuries, the main types of intangible harm that these unlawful robocalls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the plaintiffs time or causing the risk of personal injury due to interruption and distraction.  The Plaintiff here incurred all of these intangible harms and all of them meet the requirement of concreteness as interpreted by *Spoke*.

## COUNT 1

## VIOLATIONS OF THE TCPA 47 U.S.C et seq

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Without prior express consent, Defendants contacted Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using prerecorded artificial computerized messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff never provided express consent to Defendants to place automated calls to his cellular telephone numbers.

24. Moreover, Plaintiff directed Defendants to cease all calls to his cellular telephone.

25. Defendants placed automated calls to Plaintiff's cellular telephone knowing that it lacked consent to call his telephone number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

26. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is entitled to $500.00 for each and every artificial prerecorded computerized artificial voice message that was left on his Sprint cellular telephone (617-939-5417) starting from June 17, 2019 through July 2019.

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Statutory damages of $500 for each computerized voice message left on plaintiffs' Cellular telephone pursuant t 42 U.S.C 227(b)(1)(A)(iii)

D. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 28, 2020

Paul Jones          /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
617-939-5417
Pj22765@gmail.com