UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**PAUL JONES**

**Plaintiff,**   Civil Action No.1:20-cv-12076-PBS

**v.**

**MONTACHUSETTES REGIONAL TRANSIT AUTHORITY**
**Defendant**

### FIRST AMENDED VERIFIED COMPLAINT

### INTRODUCTION

This action arises out of Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), violations of orders, rules and regulations promulgated the Federal Communications Commission (FCC) relating to the TCPA, the National Do Not Call registry and by its invasion of Plaintiff's privacy by repeatedly calling Plaintiff after Plaintiff revoked consent on multiple occasions.

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Paul Jones ("Plaintiff"), is an adult individual residing in Stoughton, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(39).

1

4. Defendant Montachusett's Regional Transit Authority (MART) , is a Massachusetts business entity with an address of 1427 Water St a, Fitchburg, MA 01420, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Defendants and/or its Agents placed calls to Plaintiff's cellular telephone, number 617-939-5417, by using an automated telephone dialer system ("ATDS") as defined by 47 U.S.C. § 227(a).

6. Plaintiff received calls from defendants and/or its Agents from telephone numbers 978-252- 0019 and 987-424-9002 with and Automatic Telephone dialing System and or a predictive dialer.

7. Defendants left artificial computerized voice messages on plaintiff's cellular telephone before and after 8am without plaintiff's consent these calls did not state a call back number for the defendant.

8. Defendants placed calls to plaintiffs' cellular telephone from on or about June 17, 2019 until on or about July 10 , 2019.

9. Plaintiff revoked consent on November 12, 2016 & February 11, 2017 by Certified Return receipt mail.

10. Plaintiff instructed Defendants employees to cease all calls including the prerecorded computerized artificial automated calls to plaintiff's cellular telephone number verbally and by email.

11. When provided 2 additional telephone number 888-680-4667 & 413-315-4500 to defendants on several occasions to contact Commonwealth Community Recovery Division Inc. dispatcher whom they were trying to reach.

12. Despite Plaintiff's repeated and unequivocal instructions, defendants and/or its Agents continued placing automated and or artificial voices messages to Plaintiff's cellular.

13. Defendants Prerecorded Computerized artificial messages to plaintiffs cellular telephone stated *"I found 1 trip in this request you must be authorized to except New trips from MART please listen to the following carefully press five to hear the trips now press six if you cannot accept these trips right now and would like to receive a call back in a few minutes press seven if you wish to decline these trips please make your selection now if you would like to hear these options again press eight."*

14. Each call to plaintiff is a separate & distinct event and has a separate statute of limitations.

15. Plaintiff disconnected his home telephone sometime in 2014 and registered his cellular number on August 7, 2014 with the Do not Call registry when he found out that a cellular number can act as a home number under the Do not call registry, as plaintiff does not have a residential line and uses his cell phone as his residential line.

16. For consumers with cell phones unwanted robocalls cause direct, concrete, monetary injury by depleting a cell phone's battery, and the cost of electricity to recharge the phone and is also a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, any injury that is concrete suffices for standing, regardless of how small.

16. Defendant robocalls also cause plaintiff intangible injuries, the main types of intangible harm that these unlawful robocalls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the plaintiffs time or causing the risk of personal injury due to interruption and distraction. (4) Personal injuries, Physical health (5) actual damages (6) Loss of income economic damages The Plaintiff here incurred all of these intangible harms and all of them meet the requirement of concreteness as interpreted by *Spoke*.

17. Defendants initiated telephone calls to plaintiff cell / home phone using an artificial and prerecorded artificial voice to deliver a message without the prior express consent of the called party.

18. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A), Defendant made the calls to Plaintiff willfully and knowingly.

3

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A) (iii)

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The TCPA 47 USC (b)(1)(A), forbids calls made using an ATD/ Predictive Dialer or an artificial or prerecorded voice, Defendant used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it made each and every call above to Plaintiffs number assigned to a cellular.

21. Defendant did not have Plaintiff's prior express permission when they made the calls to plaintiff's cellular phone using an automatic telephone dialing system and or predict dialer Defendant made the calls to Plaintiff willfully and knowingly.

22. Defendant's acts in making the calls to Plaintiff were not accidental and Plaintiff's privacy has been invaded as a result of Defendant's acts.

23. Without prior express consent, Defendants contacted Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by leaving prerecorded artificial computerized messages in violation of 47 U.S.C. § 227(b)(1)(A).

24. The defendants placed artificial computerized calls to plaintiff phone before 8am which is contrary to TCPA 47 U.S.C. plaintiff is entitled to $500 for each violation.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for statutory damages pursuant to 47 U.S.C. § 227 (b)(1)(A) for each and every violation of the TCPA ACT in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly; and $1,500 for each such act that this Court finds were made willfully or were made knowingly; and any such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE TCPA 47 U.S.C § 227(b)(3)(C)

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants placed automated calls to Plaintiff's cellular telephone knowing that it lacked consent to call his telephone number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

27. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C). If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

28. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for statutory damages of $500.00 for each and every call and call pursuant to 47 U.S.C. § 227 (b)(c)(3) that this Court finds were not made willfully or not made knowingly; and $1,500 for each such act that this Court finds were made willfully or were made knowingly; and any such other relief as the Court may deem just and proper.

## COUNT III

## VIOLATIONS OF THE TCPA 47 U.S.C § 227(b)(2)(b)

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff is entitled to $500.00 for each and every artificial prerecorded computerized artificial voice message that was left on his cellular telephone (617-939-5417) starting from June 17, 2019 through July 2019.

31. Plaintiff is entitled to $500.00 for each call placed to his Cell Phone before 8AM pursuant to 47 U.S.C § 227(b)(2)(b)

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants for Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C) and § 227(b)(2)(b) Statutory damages of $500.00 for each call placed to his Cell Phone before 8AM, Statutory damages of $500.00 for each artificial or computerized voice message received on plaintiff's cell phone before 8AM and any such other and further relief as may be just and proper.

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C § 227 (c)(5)

34. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

35. Defendant made telephone solicitation calls to Plaintiff.

36. Plaintiff requested Defendant to stop calling him and revoked consent.

37. Defendant made these telephone solicitations despite Plaintiff's number having been registered on the national "Do Not Call List.".

38. Defendant failed to provide a copy of its do-not-call policy as requested by Plaintiff.

39. Defendant failed to place Plaintiff on its do-not-call-list.

40. On information and belief, Defendant fails to properly maintain or train its personnel how to comply with the TCPA and the FCC rules and regulations.

42. After receipt of a cease-and-desist request (revoking consent), Defendant continued to make the calls to Plaintiff.

43. Defendant made the calls to Plaintiff willfully and knowingly.

44. Defendant's acts in making the calls to Plaintiff were not accidental.

45. Plaintiff privacy rights have been damaged by the above acts.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the TCPA and FCC's do-not-call-list requirements in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly; damages pursuant to 47 U.S.C. § 227 (c)(5) for each and every failure to abide by the do-not-call-list requirements in the amount of $1,500 for each such act that this Court finds were made willfully or were made knowingly; and such other relief as the Court may deem just and proper.

## COUNT V
## INJUNCTIVE RELIEF
## 47 U.S.C. §227(b)(3)(A)

46. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

47. Plaintiffs request that this Court grant it injunctive relief preventing Defendants, their agents, employees, representatives, or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A).

WHEREFORE, an order granting Plaintiff injunctive relief preventing Defendants, their agents, employees, representatives, or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A) such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS  TRIAL BY JURY DEMANDED**

Paul Jones          /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
617-939-5417
Pj22765@gmail.com                              December 20, 2020

# VERIFICATION OF COMPLAINT AND CERTIFICATION

## STATE OF MASSACHUSETTS

### Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding.
I believe that this civil Complaint is well grounded in fact and warranted by existing
law or by a good faith argument for the extension, modification, or law.

I believe that this Verified Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it.

The plaintiff has reviewed the complaint, regarding the allegations of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true.

Regarding the allegations of which the plaintiff does not have personal knowledge, the plaintiff believes them to be true based on specified information, documents, or both.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing pleading is true and correct.

Paul Jones          /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com
December 20, 2002