UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:20-cv-12076-PBS

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY,

    Defendant

DEFENDANT'S
MOTION TO DISMISS

      Defendant, Montachusett Regional Transit Authority ("MART" or "Defendant), hereby seeks to dismiss the above referenced Complaint brought by Plaintiff Paul Jones ("Plaintiff" or "Jones"). As grounds therefore, MART states that Plaintiff has already filed a Complaint against MART, which is pending and is awaiting a decision from the Court on Defendants' Motion For Summary Judgment, *Paul Jones v. MART et al. 4:13-cv-11093-TSH*. In his prior Complaint, Plaintiff alleges that MART violated 47 U.S.C. § 227(b)(1)(A)(iii) by making automated calls to his cellular telephone. Plaintiff makes the same, duplicative claim in his new Complaint. As further grounds, MART states as follows:

      1.     MART is a regional transportation authority established pursuant to G.L. c. 161B. MART provides public transportation services to 22 cities and towns in north central Massachusetts. Through its Dial-A-Mart service, MART provides transportation that serves the needs of either human services agencies or target populations through eligible agency sponsored trips. MART also provides transportation through its operating company for the Commonwealth's Human Service Transportation Division of the Executive Office of Health and Human Services ("EOHHS").

2.	Plaintiff, Paul Jones, is the director, manager and dispatcher for Commonwealth Community Recovery Division, Inc. ("CCRD").  CCRD has a contract with MART to provide transportation services for MART's operating company, providing services to the EEOHS.

3.	Plaintiff filed a Complaint ("Original Complaint") against MART and others on May 10, 2019, *Paul Jones v. MART et al. 4:13-cv-11093-TSH.*[1]

4.	In the Original Complaint, Plaintiff alleged that MART violated the Telephone Consumer Practices Act, 47 U.S.C., § 227 ("TCPA") by calling his cellphone many times using an automatic telephone dialing system.

5.	On August 5, 2019, MART filed a Motion to Dismiss the Original Complaint. .

6.	On March 4, 2020, the Court, Hillman, J. adopted the Report and Recommendation of Magistrate Judge, Hennessy granting in part and dismissing in part, MART's motion to dismiss.  One of the claims that was dismissed against MART, was Plaintiff's claim for the violation of the TCPA.

7.	On April 9, 2020, MART filed a Motion for Summary Judgment seeking to dismiss the remaining claims in the Original Complaint.

8.	On August 13, 2020, the Court held a hearing on MART's Motion for Summary Judgment. A decision on MART's Motion for Summary Judgment with respect to the Original Complaint is outstanding.

9.	Plaintiff filed the above referenced matter on November 27, 2020.  On December 22, 2020, after MART's Counsel advised Plaintiff that MART would be filing a motion to dimiss

---

[1] Plaintiff's Complaint was initially assigned to the Eastern Division and was docketed as 4:19-CV-11093ADB. The case was subsequently transferred to the Central Division of the United States District Court of Massachusetts.

Plaintiff's new Complaint on the grounds that he already brought the same claim in his pending lawsuit, Plaintiff filed a First Amended Verified Complaint. Plaintiff in his two count Complain, again alleges that MART violated the TCPA by using an automatic telephone dialing system to call his cellular phone, the same claim that was dismissed by the Court in the matter of *Paul Jones v. MART et al. 4:13-cv-11093-TSH,* on April 9, 2020, the Original Complaint.

10. Plaintiff cannot simply file a duplicate complaint seeking the same relief he sought in another case because he does not like the outcome. Plaintiff's remedy would be to appeal from the District Court's dismissal of the claim in the pending matter, once final judgment is entered.

11. Plaintiff filed this new Complaint in bad faith, to harass MART and to cause MART to incur additional legal fees, knowing that the same claim was already dismissed by the Court. This is particularly true, after MART's Counsel contacted Plaintiff as required pursuant to Local Rule 7.1 prior to filing this motion to dismiss.

WHEREFORE, MART respectfully requests that this honorable Court dismiss the above referenced Complaint with prejudice, and award MART attorneys' fees for having to defend against Plaintiff's frivolous and duplicative action and sanction Plaintiff in an amount the Court deems just and reasonable.[2]

---

[2] If the Court is not inclined to dismiss Plaintiff's First Amended Verified Complaint on the grounds that it is duplicative, MART will file a separate motion to dismiss Plaintiff's First Amended Complaint on the same grounds that MART successfully moved to dismiss Plaintiff's claims against MART for the violation of the TCPA contained in Plaintiff's Original Complaint.

|  |  |
|---|---|
|  | DEFENDANT |
|  | MONTACHUSETT REGIONAL TRANSIT AUTHORITY, |
|  | By its attorneys, |
|  | */s/ Deborah I. Ecker* |
|  | Mark R. Reich (BBO# 553212) |
|  | Deborah I. Ecker (BBO# 554623) |
|  | KP Law, P.C. |
|  | 101 Arch Street, 12th Floor |
|  | Boston, MA  02110-1109 |
|  | (617) 556-0007 |
|  | mreich@k-plaw.com |
| Dated: December 22, 2020 | decker@k-plaw.com |

743743/MART/0006

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)**

Pursuant to Local Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, I hereby certify that I exchanged emails with Plaintiff by electronic mail on December 18, 2020 to confer on narrowing issues for filing of Motion for Summary Judgment.

Date:  December 22, 2020                              */s/ Deborah I. Ecker*

**CERTIFICATE OF SERVICE**

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  December 22, 2020                              /s/ Deborah I. Ecker