UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

Plaintiff,

Civil Action No.1:20-cv-12076-PBS

v.

MONTACHUSETTES REGIONAL TRANSIT AUTHORITY

Defendant

## PLAINTIFFS OPPOSITION AND MEMORANDUM IN SUPPORT TO DEFENDANT MOTION TO DISMISS

**COMES NOW** Plaintiff, Paul Jones ("Plaintiff"), with his Opposition and Memorandum in Support to Defendant Montachusett Regional Transit Authority ("Defendant") Motion to dismiss ("MTD") and states as follows:

### INTRODUCTION

1. Defendant brings its MTD before this Court arguing the Plaintiff's Amended Verified Complaint should be dismissed because an identical prior TCPA causes of action was dismissed from the prior complaint, which is awaiting a Summary Judgement decision, unfortunately, the Defendant does not come before this Court in candor as it should in bringing its motion.

2. Defendant drones on *ad nauseam* about facts not in evidence and about *identical complaint* when the facts surrounding this, and the prior case are far different than portrayed by the Defendant.

3. Defendants fails to include many details to give this Court the proper context of the prior complaint which they claim were identical, there is much more to this case than what has been presented in

1

Defendants MTD, Plaintiff will herein provide this court with, as Paul Harvey would say, "The rest of the story."

## STATEMENT OF THE ISSUES

4. Defendants argues that are entitled to a MTD because Plaintiff file a duplicate / identical complaint / TCPA causes of actions, and Plaintiff filed this new complaint in bad faith to harass MART and to cause MART to incur additional legal fees, after *MARTS counsel contacted plaintiff as required by Rule 7.1 before filing there motion to dismiss.*

5. Defendants states that Plaintiffs filed this new complaint in bad faith to harass MART and to cause MART to incur additional legal fees.

6. Defendants also request the court to dismiss Plaintiffs First Amended Verified Complaint with prejudice and award defendant's attorney fee, sanction Plaintiff for filing a Frivolous and duplicate complaint.

7. Plaintiff contacted defendants counsel as required by Rule 7.1 before filing his opposition to defendant MTD to narrow the issue.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

8. Defendant is asking the court to assume facts not in evidence and is more than likely hoping the court will visualize an all-too-common scenario of it simply calling Plaintiff multiple times on his cellular telephone with his consent without an ADTS and not leaving artificial computerized voice messages after the prior complaint was file and amended once for also ongoing TCPA violations, this is contrary to the fact.

9. This case and a prior lawsuit with Paul Jones as Plaintiff and Montachusett's Regional Transit Authority as Defendant are part of what is a true modern day David vs Goliath story. A more

2

detailed explanation of the entire series of events leading to this and the prior lawsuit is necessary for the court to fully comprehend the context of what actions have occurred that led to the Plaintiff filing his instant complaint and Defendant's filing their MTD, opposed, and argued herein.

10. It all began when Plaintiff employer Commonwealth Community Recovery Division Inc. (CCRD) secured a 5-year (2015-2020) contract with the defendants to perform non-emergency transportation, Defendants role was to act as a Broker and allow vendors like Plaintiffs employer (CCRD) to obtain trips through a low-bid vendor portal (The Pool that has all trips & pricing).

11. For some unforeseen reason Defendants refused to even acknowledge Plaintiff employer contract that had been awarded with them until April of 2016 some 9 months after the awarded date July 1, 2015.

12. After 9 months of Plaintiffs employer being saddled with training fees, Livery Insurance, Purchased vehicles and other requirements and monthly expenses, the Plaintiff call Defendant staff and complained and informed them that all CCRD employees have quit or been laid off, due to Defendants not awarding any jobs to Plaintiffs employer.

13. Plaintiff reported this unfair treatment to Directors and Supervisors and the Defendants employees launched an all-out attack on Plaintiff directly by placing his personal cellular telephone on their ATDS an subjected Plaintiff to an **incessant barrage** of phone calls for 32 months, these calls happened 5 days a week every 1-5 minutes without explanation and Defendants plays the victim and attempts to use every trick to escape liability. Who has abused or is attempting to abuse who here?

14. The Court should not allow defendants to do so. There is no merit whatsoever to Defendants argument because Defendants has provided nothing but empty rhetoric with no facts or evidence

put before the court in support of its argument and there is no evidence to the contrary. Defendant's MTD is without merit and should be denied.

15. Defendants allowed their employees to retaliate with their ATDS to drive Plaintiff and his employer out of business because Plaintiff protested their unfair treatment.

16. Defendants have an unquenchable thirst for revenge and profits at the cost of the privacy, civil rights, and serenity of a multitude of Americans including Plaintiff.

### Plaintiff knew that there was NO legitimate reason why defendants refused to remove his personal phone from their ATDS system

17. Before Plaintiff filed and complaint with the EEOC, Attorney Generals office, Department of Justice Plaintiff reached out verbally to Defendants lower employees, Directors, Supervisors by certified mail and email and revoked any consent that Defendants may have thought they had to place calls with and ATDS / Artificial Computerized messages to Plaintiffs personal cellular phone as early as November 2017 through June 17, 2019 *SEE Exhibit 1.*

18. When Plaintiff would speak with Defendants lower employees, Directors and Supervisor, Plaintiff was met with laughter, taunts and derogatory statements and promises that the calls would stop while employees would laugh, as Plaintiffs employer was only granted limited access to the low-bid portal that distributed work while other vendors had full access with bids sometimes four times as Plaintiffs employer CCRD bids, yes CCRD bids where lower than 90% of the vendors as vendor communicate to one another.

19. After approximately 32 months of abuse from Defendants ATDS ,and several in person meeting to resolve Plaintiffs dispute, I filed a complaint with this court on May 2019 and immediately Plaintiff

put all lower employees , Directors and Supervisors on notice of the filed actions by emailing them a copy *See Exhibit 2.*

20. Plaintiff Amended his complaint to reflect the ongoing TCPA violations once already in his prior First Amended Verified Complaint for all the calls up until June 13, 2019, even then the Defendants still refused to stop calling the plaintiff with an ATDS and artificial computerized voice mails 5-days a week every 1-5 minutes starting at 6:10 am up until sometimes after closing hour 6pm, these are the TCPA violation in the instant First Amended Verified Complaint.

21. On or about August 5, 2019 Defendants filed a motion to dismiss plaintiffs Amended June 13, 2019 complaint, on September 10, 2019 plaintiff filed his opposition on Oct 3, 2019 District judge referred case to Magistrate judge, on Feb 7, 2020 The magistrate docketed his RR Report dismissing Plaintiffs two TCPA claims.

22. On March 4, 2020, the district judge excepted the Magistrates judge recommendation, on March 17, 2020 District Judge gave Plaintiff 14 days to file his Second Amended Complaint with the remaining 14 defendants and 7 Counts including 1. Retaliation, 2. Discrimination, 3. Hostile Work Environment, 4. Title VII Civil Right Violation, 5. Disparate Impact, 6. Interference with Protected Rights, 7. Infliction of Emotional Distress.

23. On March 20, 2020 Defendants answered plaintiffs June 13, 2020 Amended complaint, On March 27, 2020 plaintiff filed his Second Amended Complaint.

24. On April 9, 2020 Defendants filed a Motion for summary judgment, Identical to the prior MTD (12) (B) (6) which I believe should had been a request to reconsider along with Statement of Undisputed fact.

25. Plaintiff file his opposition to Defendants Summary Judgment under rule 56 (F) formally 56 (D), and pled defendants have now moved for summary judgment, Plaintiff cannot oppose a summary judgment at this time Plaintiff needs additional time to take the depositions of the key witnesses and discovery, Defendants are using arguments and exhibits that subject its motion to being treated as a premature, pre-discovery, motion for summary judgment.

26. On August 13, 2020, the Judge held an electronic hearing on Defendants Motion for Summary Judgment, the judge was under the impression that the Plaintiff has had a 26 F and the Defendants Summary Judgement was from a fully developed Motion for summary Judgment and discovery had already be conducted

27. The District Judge in the prior case was under the assumption at the electronic hearing for summary judgment that I had my chance for discovery and that a Scheduling order had been issued and discovery was now closed, I informed him that either Scheduling order or discovery has never been issued in the prior case *See Exhibit 3 Transcript page 15 highlighted.*

28. Plaintiff has been waiting for 9 months for a decision regard the premature Summary Judgement, I am sure the Judge will dismiss Defendants Summary Judgement without Prejudice and grant Plaintiff a scheduling order with the discovery period.

29. When there is a final judgement plaintiff will appeal the 2 TCPA counts that where dismissed from the prior lawsuit to the First Circuit Court of Appeals to exhaust all his remedies for the prior case.

## STANDARD OF REVIEW

30. On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

31. The Supreme Court has stated that Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009) citing *Twombly*, 550 U.S. at 555. What <u>Twombly</u> and <u>Iqbal</u> do not require is any finding that well pled facts, that is, pleadings making purely factual assertions, require further factual support.

32. A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted." *Woods v. Wells Fargo Bank, N.A.*, <u>733 F.3d 349</u>, 353 (1st Cir.2013).

33. In assessing the plausibility of a plaintiff's allegations, the question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, S. Ct. No. 09-9000, 2011 WL 767703, at * 6 (Mar. 7, 2011). The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007).

34. Because of Plaintiffs pro se status, the court should construe his pleadings liberally. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75-76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

## ARGUMENT

35. Congress enacted the TCPA to protect the interests of telephone users by placing restrictions on "unsolicited, automated telephone calls." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (quoting S. Rep. No. 102-178, at 1 (1991) ). That is, the statute aims to curb a particular type of *uninvited* call. As a result, the statute omits from its ambit those calls that a person agrees to receive.

36. When these TCPA violations occurred, Defendant was one of the largest Transportation Brokers that existence in Massachusetts. Upon information & belief MART has lost their 100 Million Dollar contract with MassHealth due Plaintiffs reports to the Attorney General ("AG") and Department of Justice ("DOJ") of the abuses he suffered and Fraud, Mismanagement, and violations of Federal & State Laws over a protracted period of time from Defendants.

37. One of the reasons Defendants refused to grant plaintiff relief from their ATDS was Plaintiff filed a complaint with MassHealth and several Supervisor and manager was forced to resign their post from their derogatory action toward Plaintiff.

38. Plaintiff reported these acts to the AG and the DOJ and after ongoing investigation of Plaintiffs allegation the AG and DOJ secured a $300,000 Settlement for the exact allegation's plaintiff reported, this settlement covers up until 2105, (Transportation Broker For MassHealth Agrees to Pay $300,000 to Resolve False Claims Allegations | USAO-MA | Department of Justice), Plaintiffs allegation against Defendants for 2016 -2020 are still under investigation.

8

39. The links in this Motion are *adjudicative facts* that are not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction and (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

40. Defendants illegal acts such as allowing similar and situated vendors to Plaintiffs employer with higher bids take on 1000s of trips per month, when in fact these vendors, Defendant and their employees knew they did not have the capacity to perform these jobs.

41. Defendant and their employees, the same ones that have subjected Plaintiff to unimaginable circumstances, turned a blind eye as non-minority vendor was able to have 100% access to these jobs (Low-Bid portal) taking on 1000s of trips per month and had them performed by Uber & Lyft (Whom was not licensed, Insured or Certified) and charged MassHealth & Medicaid as if they had performed them and even sometime didn't even pick up a client and still charged the Federal Government and State, while Plaintiff and his employee sat on the side lines and was not granted access to the low-bid portal, Defendants Millions of Dollars from the MassHealth and Medicaid program and admitted it in their settlement.

42. A single round trip from Springfield ma to Boston with four clients could fetch up to $500 per each client, these jobs were very tempting for collusion, theft and larceny for year and they saddle plaintiff with an ATDS to keep him from obtaining any of these types of available awarded trips.

43. In 2010 a vendor and three of Defendants employees were indicted for a kick-back scheme allowing a vendor to have multiple contract under different names and the Defendants employees steered and allowed him to over ride the low-bid system (Businessman, 3 MART employees indicted in alleged scam - News - telegram.com - Worcester, MA) *See Exhibit 5*, Defendants and their employees have no respect for policy or law.

44. Defendants were at the time of Plaintiffs allegations to the AG & DOJ (2016) a *fictional behemoth* that functioned not as a legitimate business entity with intent to operate within the law, but instead operated with demonstrated contempt for the law and an unquenchable thirst for profits at the cost of the privacy, civil rights, and serenity of a multitude of Federal and State agencies Americans, including Paul Jones the Plaintiff.

45. Defendants are in a business that obviously entails attempting to evenly distribute non-emergency trips by lowest bid for individuals through MassHealth and Medicaid, anyone like the Plaintiff that gets in there way of steering preferred jobs to preferred vendors were crushed like a bug.

46. Defendants deprive Plaintiff and other minorities vendors that had lower bids and protested and or question their actions of steering and guiding trips to their preferred vendors and associates, granting them access to cherry picking any and all non-emergency transportation jobs even with bids 4 times higher bids than Plaintiffs and other non-minority vendors.

47. This is one of the precise reasons Defendants launched their ATDS on Plaintiff to keep him and other vendors occupied and confused, while their cronies looted the low-bid portal and as an act of revenge.

48. MART is not a business that has a right to illegally intrude on the privacy, rights, and serenity of the lives of individuals including the Plaintiff.

49. To be sure, Defendants and their employees are an *inanimate fictional behemoth* with no concept of right or wrong or any sense of responsibility for its actions as any human might have. Its prior and current actions, and those of years past, demonstrate its continued utter disregard of Federal & State Laws & consumer protection statutes. Its longstanding policies and procedures of using the courts, lies, deceit, and trickery to defend its insidious and abusive illegal actions in dealing with individuals is a matter of public record

50. MART is not in a business that has free rein to illegally abuse whoever it may come in contact within *any* manner, when attempting to accomplish the *fictional behemoth's* goal of collecting money to fill its coffers.  It surely does not have a right to violate consumer protection laws and individual civil rights with impunity.

51. This Defendant and their employees obviously believe it is cost prohibitive to operate within the law in conducting its business and views any costs it incurs in litigation or settlements paid to harmed persons or government agencies, both state and federal, as simply the cost of doing business.

52. Defendant *modes operandi* is confirmed when one scrutinizes public and court records and sees the lawsuits brought against Defendants and their employees and its favored contractors for the **same kinds of violations** year after year after year (See <u>Facing hundreds of thousands in medical bills, survivor of NH motorcycle crash that killed 7 suing Volodymyr Zhukovskyy and Westfield Transport - masslive.com</u> ) *See Exhibit 6,* this was one of their preferred vendors *Westfield Transportation*, employee killed 7, where did they get the money to finance such endeavors from the Defendant.

53. The litigation trail involving Defendants and its employees and contractors (Vendors) is ugly, littered with Defendant and their employees and preferred vendors admitting to, numerous violations of consumer , criminal Federal & State laws, blatant lies made by corporate representatives and massive civil penalties.

54. It is a reasonable assumption that a mere fraction of those individual consumers who have their rights violated actually do *anything* to make companies such as Defendant accountable for their violations of the law.

55. Defendants and their employees view the Plaintiff as one of those consumer rights *infidels* who must be crushed like a bug, silenced, and prohibited from standing up for himself by exerting his rights in the courts. Plaintiff has dared to move forward in the courts to hold Defendant (Goliath) accountable for its violations of his rights to privacy and serenity as well as its multiple violations of consumer protection statutes resulting from Thousands of illegal, unwarranted, and disruptive calls to his personal cell phone with their mighty ATDS.

56. Plaintiff is unlike the majority of people in America today who tolerate being the victims of Defendants *war* against them and the abuse that Defendants showers upon them daily in its insatiable quest for the dollar, but to Defendant and their employees Plaintiff is nothing more than another worm in the chicken yard.

57. Defendants and their employees employs every conceivable and underhanded means necessary to escape liability for that collateral damage inflicted by it in its *war* on the Plaintiff when brought to account in the courts by innocent and harmed Americans like the Plaintiff.

58. Incredulously, this behemoth's position is that Plaintiff should be prohibited from taking or continuing any further actions against Defendants in this or any other court, yet it utterly fails to be forthright with the court in doing so and, in fact, acts in a deceptive manner by not disclosing pertinent information to the Court. Defendants asks for an order from this court dismissing Plaintiffs case (with no binding Precedent), sanctioning him by making him pay attorneys fee, Plaintiff merely seeks to be compensated for damages according to law.

59. Defendants accuses Plaintiff of harassing them with lawsuits which he has every right to file as a result of Defendants violation of his rights, but Defendants accusations are like the fire calling the kettle black when it made harassing phone calls to Plaintiff cell phone for no apparent or *explained*

reason, when in fact they had two office numbers to reach a dispatcher that plaintiff provided numerous times by certified mail, verbally, face to face meeting and by email *See Exhibit 1.*

60. Congress was extremely specific in that a consumer acting as a Private Attorney General could bring a court action against any person who violated their rights under the consumer protection statutes such as the Telephone Consumer Protection Act which are and were at issue in this case and the other mentioned prior case.

61. Plaintiff has brought just such actions and Defendant attempts through deceit and half-truths to avoid being held accountable for ALL of its violations relating to Plaintiff. Defendants unconscionably and improperly asks this court to issue sanctions of attorney's fees and to grant their motion to dismiss, preventing Plaintiff from actions against them in this courts and to deny him justice to which he is entitled under the law while deliberately leaving out the most pertinent facts that show plaintiff revoked any consent they had on several occasions.

### Defendants request the court for permission to file a second MTD in their First MTD

62. Defendant request in their MTD (page 3 footnote) "If the court is not inclined to dismiss Plaintiffs First Amended Verified Complaint on the grounds that it is duplicative MART will file a separate motion to dismiss s Plaintiffs First Amended Verified Complaint on the same grounds that MART successfully removed to dismiss Plaintiffs claims against MART for violations of the TCPA contained in Plaintiffs Original complaint".

63. Plaintiff request that this court deny Defendant above request for a second bite at the apple, to file a second MTD Plaintiff First Amended Verified Amended Complaint , Defendants boldly ask this

and points the honorable court to no on point FCRP or precedent (Case Law) that give them the authority to request such a thing.

**Defendant states "Plaintiff filed this new complaint in bad faith to harass MART and to cause MART to incur additional legal fees, after MARTS counsel contacted plaintiff as required by Rule 7.1 before filing there motion to dismiss".**

64. This statement is not accurate, on Dec 18, 2020 Defendants counsel sent me an email informing me that she intended to file a motion to dismiss.

65. I informed her that I will not dismiss my lawsuit, days earlier I had already started drafting my First Amended Verified Complaint, I finished it and filed it on December 20, 2020, I emailed her a time stamped copy and informed her that I had filed the Amended Verified Complaint. The very next day she filed her MTD, she was well aware of the Amended Verified Complaint she had a copy.

66. The Defendants attorneys are wasting the courts valuable time filing their MTD when the could have filed a proper MTD (12)(B)(6).

**Defendants request the court to dismiss Plaintiffs First Amended Verified Complaint with prejudice and award defendant's attorney fee, sanction Plaintiff for filing a Frivolous and duplicate complaint**

67. All Defendant counsels' statements in the pending MTD are insufficient , she inaccurately states "Plaintiff complaint is Frivolous and is a duplicate / identical complaint as a prior one Plaintiff filed with this court on May 10, 2019.

68. Since the attorneys are not a first-hand witness, anything, and everything he says in brief or in argument must be considered as hearsay and not be permitted to be placed on the scales of justice. Trinsey v Pagliaro, D.C. Pa. 1964, 229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." Plaintiffs request all statements from counsel in Defendants MTD be struck from the docket.

69. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, pro se litigants are held to less stringent pleading standards than a Bar registered attorney, regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims" Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." . See Haines v. Kerner, 404 US at 520

### Defendant states Plaintiff's Claims are depletive and Identical

70. TCPA generally makes it unlawful to call a cell phone using" an ATDS. *ACA International v. Federal Communications Commission,* 885 F.3d 687, 693 (D.C. Cir. 2018).Plaintiff agrees that one cause of action and party (Defendant) in this case are identical to the prior lawsuit, but denies they are identical because the calls complained of in this instant complaint were after the dismiss TCPA causes of actions..

71. Defendant does not correctly argue that the claims made in the prior lawsuit **could** have been included and amended into the prior to complaint and amended complaint for a third time, it is very

clear that the calls after June 14, 2019 are **not required** to be brought in the 2 prior original and amended Lawsuit and in fact the intent of Congress was for those cases brought under the TCPA to be able to be brought separately in different venues as long as they are **separate, distinct, and unique occurrence** made on different times and days, these calls were clearly made after Plaintiff Amended his prior complaint for more on going TCPA *violation on June 14, 2019, See Mims v. Arrow Fin. Servs., LLC, --- U.S. ---, 132 S. Ct. 740, 747 (2012) "plaintiffs have a choice of forum rather than two separate avenues for recovery."*

72. Defendants argues "In the instant case, Plaintiff's prior case is related to the conduct that forms the basis for plaintiff's current TCPA claims" (referring to the prior case) but it fails to state how. How was the call made in the first complaint filed on May of 2019 and the second Amended lawsuit filed on June 14, 2019 related to the calls which is the subject of this Amended Verified Complaint?

73. Defendants simply says the lawsuits are identical but fails to state any facts as to HOW the TCPA claims are identical. Factually they were not identical. Each call (TCPA Violation) are a **separate, distinct, and unique occurrence** unrelated to any other prior call, they were made after Plaintiff Amended his prior Lawsuit on June 14, 2019 when the prior complaint was filed, each call was made postdate and time of the prior complaint and amended complaint that was filed in May 2019 and Amended on June 14, 2019 to include ongoing TCPA violation.

74. If Plaintiff wants to hold Defendants accountable for their action at some point in time Plaintiff has to file a **separate, distinct post complaint** to address the ongoing TCPA violation, we would not be here if Defendants would have honored plaintiffs request when he revoked consent verbally, through email and by certified return receipt as early as November 2016 *See Exhibit 1.*

75. Nowhere in the TCPA statue it state that one must file all his violation at one time or that if the defendant has ongoing TCPA violation after a complaint is filed or dismissed and there are ongoing

16

violation a person cannot bring a claim for TCPA violations, (47 U.S. Code § 227 - Restrictions on use of telephone equipment | U.S. Code | US Law | LII / Legal Information Institute (cornell.edu).

76. The claim made under the TCPA in the instant case is spelled out succinctly and with specificity, An example of Defendants thinking would be something similar to the following: Fictitious Joe Smith is stopped for speeding on Central Expressway on Monday morning at 10 AM and given a ticket for the violation. He is stopped again on Monday at 2 PM for speeding and given a ticket for that violation. He is stopped on Tuesday at noon for speeding once again and given a ticket for that violation. The same thing happens on each succeeding day and several times per day for the next 3 weeks. When Mr. Smith goes to court to answer for the very first violation for speeding, and it gets dismissed not a final judgement as it can be appealed, does that mean that all the rest of the times where he was ticketed for speeding and violated the law, he can argue afterward that he cannot have an identical case against him and all of his tickets for violations should have been combined and the court should be prohibited from collecting any more of the fines for speeding? He should be able to walk away from all the successive fines for violations? If it were the Defendants instead of Mr. Smith that is likely how the argument would go. Would the court buy it or look at each and every one of those violations as **separate, distinct, and unique occurrences** (which they are) and make Mr. Smith Pay the fines? This case with the post (ongoing violations) calls to Plaintiff is no different no matter what baseless argument is made by Defendants to escape liability.

77. There are numerous unanswered questions here such as: Why were they calling Plaintiffs cell phone? Did they have technical problems with their calling system? Did they have consent? Did they not make the calls? Did they not use an ATDS or Predative Dialer? Have they provided any kind of plausible set of facts that explain why they were calling Plaintiffs cell phone that supports

17

their arguments? Did Plaintiff not revoke consent as early as 2016 by Certified Return Receipt, verbally and email of multiple occasions? Do they argue with any on point precedent? The answer to each and every question is a thundering **NO!**

78. They have not because there IS no set of facts, explanation, or excuse why they continued to call Plaintiffs cell phone up to 80 times a day from 6am – to well after 6pm sometimes, but they want to get away without damages for one single phone call and deprive Plaintiff of damages for which he is entitled for. Defendants want the court to dismiss Plaintiffs instant case and sanction him with attorney fees and if they could want the court to bar Plaintiff from litigating and effectively sweep me under the rug.

79. Plaintiffs verified amended complaint and verified opposition to Defendant MTD should be treated as an affidavit Pupecki v. James Madison Corp., 376 Mass. 212 (1978).

## THE PLAINTIFF HAS SUFFICIENTLY PLED HIS TCPA CLAIMS

80. The court need not look beyond the complaints allegations to deny the defendants motion to dismiss.

81. The Plaintiffs instant claim fits squarely within the bounds of the Telephone Consumer Practices Act.

82. The Court *should* allow the Plaintiff TCPA claims against the Defendants to proceed, because, for the reasons articulated in more detail in this Opposition to Defendants Motion to Dismiss. The Defendants arguments to the contrary are wrong.

83. Plaintiffs instant First Amended Verified Complaint sufficiently pleads all three elements of a TCPA claim:  *(1) **Defendant called a cellular telephone** service (2) **using an ATDS**; and (3) without the*

***recipient's prior consent.*** See *KARLE v SOUTHWEST CREDIT SYSTEMS Civil action 14-30058-MGM*

## CONCLUSION

Because Defendants has not shown there is any transaction that could have been the basis for or shown that there is any same identical / depletive relating to the instant lawsuit and the 2 prior lawsuit original and amended where *it* applies as alleged in their MTD , Plaintiff request the court to Deny their MTD requesting for plaintiff to be sanctioned with attorney fee in full, as I am a prose, this Court should deny Defendants MTD in the entirety and order them to answer Plaintiffs complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter an Order denying Defendant's MTD and to also provide a framework on how Plaintiff should properly move forward in the District Court should mediation prove fruitless.

Respectfully Submitted,


Paul Jones        /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com
December 23, 2020

# VERIFICATION TO OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND CERTIFICATION

## STATE OF MASSACHUSETTS

### Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding, I believe that this Opposition to defendants' motion to dismiss is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or law.

I believe that this Opposition is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it.

The plaintiff has reviewed the opposition, regarding the allegations of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true.

Regarding the allegations of which the plaintiff does not have personal knowledge, the plaintiff believes them to be true based on specified information, documents, or both.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing pleading is true and correct.

Paul Jones        /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com
December 23, 2002

## CERTIFICATE OF SERVICE

I Certify under penalty of perjury that I have mailed a copy to the Defendants attorney by USPS on this day of December 23, 2020 and the foregoing is a true copy.

Paul Jones        /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
617-939-5417
Pj22765@gmail.com

20