UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **PAUL JONES,** | ) ) ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **NO. 1:20-12076-TSH** |
| v. | ) ) | |
| **MONTACHUSETT REGIONAL TRANSIT AUTHORITY,** | ) ) ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS (Docket No. 8)**

**September 13, 2021**

**HILLMAN, D.J.**

Paul Jones ("Plaintiff") commenced this action against Montachusett Regional Transit Authority ("Defendant") on November 27, 2020, alleging violations of the Telephone Consumer Protection Act ("TCPA"). (Docket No. 1). Defendant moves to dismiss, arguing that the action is duplicative of a pending action before the Court. (Docket No. 8). For the following reasons, the Court ***denies*** the motion.

In 2019, Plaintiff sued Defendant. *See* 4:19-11093-TSH. Plaintiff's amended complaint in that action, filed on June 14, 2019, alleged that between 2016 and June 13, 2019, Defendant placed calls to Plaintiff's cellular telephone in violation of the TCPA, 47 U.S.C. § 227 et seq. Although the Court entered an order dismissing Plaintiff's TCPA claims in February 2020, that action is still pending, as other claims remain, and the judgment is not final. *See* Fed. R. Civ. P. 54(b); *see also Hill v. Henderson*, 195 F.3d 671, 672 (D.C. Cir. 1999); *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986). In this action, Plaintiff alleges that

between June 17, 2019 and July 10, 2019, Defendant again placed calls to his cellular telephone in violation of the TCPA, 47 U.S.C. § 227 et seq.  (Docket No. 6).

A district court may dismiss a duplicative action.  *See Congress Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994); *Cherelli v. InStore Grp., LLC*, 513 F.Supp.3d 187, 192 (D. Mass. 2021).  "[F]or an action to be 'duplicative' of another, so as to warrant its dismissal for that reason alone, the one must be materially on all fours with the other." *Congress Credit*, 42 F.3d at 689.  "[T]he test as ordinarily stated is whether the claims set up are legally the same so that judgment in one is a bar to the others." *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947).  Accordingly, courts turn to principles of claim preclusion as their guide.  *See, e.g.*, *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Sutcliffe Storage*, 162 F.2d at 851; *Elliot-Lewis v. Abbott Labs.*, 378 F.Supp.3d 67, 70 (D. Mass. 2019).

Claim preclusion "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit." *Curtis*, 226 F.3d at 139; *see also Elliot-Lewis*, 378 F.Supp.3d at 71; *Geter v. United States Gov't Publ'g Office*, 268 F.Supp.3d 34, 42-43 (D.D.C. 2017).  A plaintiff "has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; [a] plaintiff may simply bring a later suit on those later-arising claims." *Curtis*, 226 F.3d at 139.  Plaintiff's claims in the present action are based on events that arose after the filing of his prior, pending action—namely, Defendant's alleged calls occurring between June 17, 2019 and July 10, 2019.  Those calls may constitute violations of the TCPA, separate and apart from the calls alleged in the prior, pending action.  *See* 47 U.S.C. § 227 (b)(3)(B) (permitting recovery for "each such violation"); *see also Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1105-1106 (11th Cir. 2015); *Charvat v. GVN Mich., Inc.*, 561 F.3d 623,

630-631 (6th Cir. 2009).  Because claim preclusion would not bar this action, the two are not sufficiently duplicative.  Accordingly, the Court ***denies*** Defendant's motion.

## Conclusion

For the reasons stated above, Defendant's motion (Docket No. 8) is ***denied***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
