UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 1:20-cv-12076-TSH

PAUL JONES

    Plaintiff,

    v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, et al.

    Defendants

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
VERIFIED COMPLAINT

## INTRODUCTION

Defendant, Montachusett Regional Transit Authority ("MART" or "Defendant") hereby

files this second Motion to Dismiss Plaintiff's Complaint on the grounds that Plaintiff's

Complaint fails to state a claim for the violation of the Telephone Consumer Protection Act, 47

U.S.C., §§ 227 ("TCPA") for among other reasons, that Plaintiff was not a MART "consumer"

as that is defined under the TCPA.

This is the second complaint that Plaintiff has filed against MART for the violation of the

TCPA.  The Court granted MART's Motion to Dismiss Plaintiff's claims for the violation of the

TCPA against MART in a previous lawsuit filed by Plaintiff, *Paul Jones v. Montachusett*

*Regional Transit Authority, et al., United States District court Docket No. 4:19-cv-11093-TSH*

("First Lawsuit)*. The only difference between the claims Plaintiff now brings against MART and

those brought in Plaintiff's First Lawsuit alleging violation of the TCPA is the time period within

which Plaintiff alleges the subject calls occurred, now being June 17, 2019 to July 19, 2019.

MART moves to dismiss the above referenced First Amended Verified Complaint (Second

Complaint) for the same reasons this Court dismissed Plaintiff's TCPA claim in Plaintiff's First

Lawsuit, that the complained-of telephone calls are not the type protected under the TCPA, as those calls were made to Plaintiff not as a consumer, but in his role as the dispatcher/manager of a MART vendor, Community Recovery Division Inc. ("CCRD").

## RELEVANT FACTUAL ALLEGATIONS

In his five-count Complaint, Plaintiff again alleges that MART violated the TCPA by using an automatic telephone dialing system to call his cellular phone.[1]  This is the very same claim, *albeit* with slightly different dates, that this Court dismissed on April 9, 2020 in Plaintiff's first lawsuit. Plaintiff's TCPA claim in this subsequent Complaint differs only in the days in which the complained-of calls were made.  See, Second Complaint, ¶ 8.  Plaintiff conspicuously leaves out of his Second Complaint factual allegations as to why he as CCRD's dispatcher was receiving calls from MART's automated dialing system. The Court is able to take judicial notice of the pleadings from Plaintiff's First Lawsuit in evaluating Plaintiff's claims here, in which Plaintiff alleges that he was receiving calls from MART's predictive dialer (IVR System) as CCRD's dispatcher, to offer CCRD same day trips in accordance with the subcontract between MART and CCRD. Exhibit 1 - Second Verified Amended Complaint, ¶¶ 117, 123.[2]

Plaintiff was and is the manager/dispatcher of CCRD.  Exhibit 1, ¶ 42.  CCRD had a contract with MART.  Exhibit 1, ¶ 42.  As the dispatcher for CCRD, Plaintiff had to

---

[1] Plaintiff's Complaint alleges the following counts: Count I: Violations of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii); Count II: Violations of the TCPA 47 U.S.C. § 227(b)(3)(C); Count III: Violations of the TCPA 47 U.S.C. § 227(b)(2)(b); and Count IV: Violations of the TCPA 47 U.S.C. § 227(c)(5). Plaintiff's Complaint includes a "Count V" under 47 U.S.C. § 227(b)(3)(A), in which he seeks injunctive relief preventing Defendant from taking action in violation of the TCPA.

[2] The Court may consider the Second Verified Complaint and the Motion to Dismiss Order in the first lawsuit that is attached hereto as Exhibits 1 and 2 on this Motion to Dismiss, because they are official public records of which the Court may take judicial notice.  See, e.g., Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993) (courts may consider "official public records" on a motion to dismiss); Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (when a complaint's allegations are expressly linked to a document, the trial court may review the document in deciding a Rule 12 motion.)

communicate with MART via telephone every day.  Exhibit 1, ¶ 42.  MART's scheduling

department programmed their IVR system to keep offering Plaintiff same day trips throughout

the day.  Exhibit 1, ¶¶ 125, 139, 146-148.  Instead of calling CCRD's dispatcher, MART called

Plaintiff's cellphone.  Second Complaint, ¶¶ 5–12.  The message left by MART on Plaintiff's

cell phone was to offer CCRD trips and provided Plaintiff options on how to hear trips, accept

trips, and decline trips.  Second Complaint, ¶ 13.

## LEGAL ARGUMENT

All of Plaintiff's claims for the violation of the TCPA as well as Plaintiff's request for

injunctive relief seeking an order from the Court that MART not violate the TCPA, must be

dismissed because Plaintiff as CCRD's dispatcher was not receiving calls from MART's IVR

system in his capacity as a "consumer," but rather as the contact for CCRD, a MART vendor, to

schedule transportation services for MART consumers.  See, Second Complaint, ¶ 13.  Such

business related calls are not the type of calls that are protected by the TCPA. The TCPA was

intended to combat, among other things, the proliferation of automated telemarketing calls

(known as "robocalls") to private residents.  *Fober v. Management and Technology Consultants,*

*LLC*, 886 F.3d 789 (2018).  The protections of the TCPA are extended to private residents, and

not commercial entities.

MART was not contacting Plaintiff as a private resident, but rather as the dispatcher for

CCRD, a MART vendor, to schedule transportation services that CCRD was to provide to

MART consumers.  Telemarketing, solicitation, or advertising and the like was not the purpose

of the calls being made to Plaintiff.  See, Second Complaint, ¶ 13.  Rather, Plaintiff was the

dispatcher for his employer, CCRD, and received the calls in his role as dispatcher as part of the

MART automated vendor callout process to schedule transportation services.  Where the calls

were made to Plaintiff in his commercial capacity pursuant to MART's contract with his employer, CCRD, those calls do not fall within the protections afforded to private residents by the TCPA.

Plaintiff objects to the timing and the number of calls, and the fact that the calls are received while he is driving.  Plaintiff, of course, does not have to answer the calls.  Plaintiff by his actions is seeking to dictate the terms of CCRD's availability to receive calls to schedule transportation for CCRD consumers, a service CCRD contracted with MART to provide. Plaintiff now wants to prevent that communication.  Plaintiff's communications with MART, including the telephone calls of which he complains, are commercial in nature and for the purpose of providing services pursuant to an agreement between CCRD and MART. The fact that Plaintiff provided MART with a different telephone number is irrelevant. The telephone calls being made to his cell phone – the telephone number he provided – are being made for the purpose of conducting the business which is the subject of the contract between to CCRD and MART, and not to Plaintiff as a consumer. Accordingly, the calls are not those that the TCPA was meant to protect against.

Plaintiff, in his role as the dispatcher for CCRD, does not have statutory standing to bring a claim under the TCPA based on calls made through MART's automated vendor callout process to the cell phone number provided by Plaintiff.  "As the title of the act suggests, Congress enacted the TCPA 'to protect consumers from the nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls generate.'  In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C.R. 7961, 7979-80 (Jul. 15, 2015); see also Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 373 (2012).  Specifically, 'Congress found that consumers consider these kinds of calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.'  In re Rules Implementing, 30 F.C.C.R. 7961 at 7980 (internal quotations omitted).  In accordance with this purpose,

4

the TCPA defined 'telephone solicitations' as 'the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message . . . to any person with whom the caller has an established business relationship.' 47 U.S.C. § 227(a)(4)(C)."   See, Magistrate Judge Hennessey Report and Recommendation, *Jones v. MART et al.* No. 4:19-cv-11093-TSH. As with Plaintiff's First Lawsuit, here, the calls Plaintiff complains of were for the purpose of having CCRD provide transportation services on behalf of MART pursuant to the subcontract between CCRD and MART.  "[T]hus, the calls are squarely within the scope of TCPA's 'established business relationship exception.' In re Rules Implementing, 30 F.C.C.R. 7961 at 7979-80." Id.   "Even viewing these allegations in the light most favorable to Plaintiff, the facts do not support an inference that the calls were made for any other reason other than the parties' established business relationship. [Exhibit 1, ¶ 83]." Id. As with his First Lawsuit, Plaintiff fails to allege that the calls constitute telephone solicitations or that he was a consumer within the meaning of the TCPA.  Accordingly, all of Plaintiff's claims contained in his Second Complaint must be dismissed.

## CONCLUSION

For all of the foregoing reasons, MART respectfully requests that Plaintiff's Second Complaint be dismissed and judgment enter for MART on all of Plaintiff's claims.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, REBECCA BADGLEY,
DONNA LANDRY, BONNIE MAHONEY,
KAREN CORDIO, JOANNE NORRIS,
STEPHANIE RICHARDS, TAMARA
SHUMOVSKAYA, JESSICA TORRES,
AMANDA KUKTA, ROBERT MONK,
MICHELLE MOYO, IVAN ROMAN, and
CRYSTAL GEISERT

By their attorneys,


/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: September 27, 2021

780338/MART/0006


## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail

upon any party or counsel of record who is not a registered participant of the Court's ECF

system, upon notification by the Court of those individuals who will not be served electronically.


Date:  September 27, 2021                    /s/ Deborah I. Ecker

6