FILED IN CLERKS OFFICE

OCT 12 '21 ᴬᴹ11:40 USDC MA

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

PLAINTIFF                                                    Case 1:20-cv-12076-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AURTHORITY et al.

DEFENDANTS

PLAINTIFFS MOTION TO STRIKE DEFENDANT

SECOND MOTION TO DISMISS

1.  On 12/22/20, Defendants moved, in the District of Massachusetts under Fed.R.Civ.P. 12

    (b)(6), in their First MTD Plaintiff's Amended Complaint as to Claim preclusion,

    Defendants failed to challenge any other aspect of Plaintiffs Amended complaint,

    defendants stated in their First MTD "MART's Counsel advised Plaintiff that MART

    would be filing a motion to dismiss Plaintiff's new Complaint on the grounds that *he

    already brought the same claim in his pending complaint" See DEF MTD DKT 8.*

2.  On 9/13/21 This court denied defendants first MTD on their Claim Preclusion MTD, the

    court stated, *"A plaintiff has no continuing obligation to file amendments to the

    complaint to stay abreast of subsequent events; [a] plaintiff may simply bring a later suit

    on those later-arising claims." Curtis, 226 F.3d at 139. Plaintiff's claims in the present

    action are based on events that arose after the filing of his prior, pending action—

    namely, Defendant's alleged calls occurring between June 17, 2019, and July 10, 2019.*

*Those calls may constitute violations of the TCPA, separate and apart from the calls*

*alleged in the prior, pending action. See 47 U.S.C. § 227 (b)(3)(B) (permitting recovery*

*for "each such violation"); see also Lary v. Trinity Physician Fin. & Ins. Servs., 780*

*F.3d 1101, 1105-1106 (11th Cir. 2015); Charvat v. GVN Mich., Inc., 561 F.3d 623, 630-*

*631 (6th Cir. 2009). Because claim preclusion would not bar this action, the two are not*

*sufficiently duplicative. Accordingly, the Court **denies** Defendant's motion"* See DKT 12

3. On 9/24/21 at 12:42 pm Defendants emailed plaintiff and stated" Paul we intend to file a
second motion to dismiss your second federal court complaint alleging that MART
violated the TCPA.  The argument is the same as the grounds on which the Court
dismissed the TCPA claims you brought in your first federal court lawsuit that you are
not a consumer for purposes of bringing such a claim. Rather, MART was contacting you
as CCRD's dispatcher, for a business purpose not covered under the TCPA. Please let me
know if you agree to dismiss the complaint.

4. On 9/24/21 at 3:12 pm plaintiff responded and stated " I will not agree to dismiss my
TCPA lawsuit, your initial Motions to dismiss as an improper litigation tactic aimed
solely at delaying the adjudication of this case. The Defendants only may move to
dismiss some or all claims but can only make one motion to dismiss, asserting all
defenses that were available when the motion was made (*FRCP 12(g)*)". "Your defense
that "I am not a consumer for purposes of bringing such a claim. Rather, MART was
contacting you as CCRD's dispatcher, for a business purpose not covered under the
TCPA". You waived those defenses because they were not raised in your initial motion
to dismiss, although you can answer and or file a Motion for Summary Judgment". "If
you do file another Motion to Dismiss, I would ask for sanction to be paid by you and

your Law firm into the courts coffers and for you to have to take a class on FRCP, the Ball is in your court no two bites at the apples on a motion to dismiss".

5. On 9/27/21 Defendants' file a Second MTD their 2nd MTD should be accurately viewed as a Second motions to dismiss pursuant under Rule 12(b)(6), all defendants new arguments and defenses must be considered waived by this court.

6. The defendant's attorney cannot simply file a Second MTD (seeking another bite at the apple) seeking relief in a piece meal, as the defendants have stated in their prior MTD (*See* DKT 8 #10) "if Plaintiff do not like the outcome he cannot just file another complaint") neither should the defendants attorneys be able to file another MTD because they didn't like the outcome of this courts denial of their first MTD, although perhaps clever, defendants attorneys actions are improper and will not cure the situation created by Defendants first MTD.

7. Accordingly, Defendants waived all defenses and objections then available to the defendants, which this rule permits to be raised by the first motion See FRCP 12(g) "the party shall not thereafter make a motion based on the defense or objection so omitted, quoting " Fed.R.Civ.P. 12(g), "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted quoting "*Ligeri v. State*, C.A. No. 07-207ML, at *9 (D.R.I. Sep. 24, 2007)", "*Wendy Adams & the Career Coach, LLC v. Beacon Hill Staffing Grp., LLC*, Civil Action No. 15-cv-11827-ADB, at *8 (D. Mass. Oct. 21, 2015)", "

8. This Rule "contemplates the presentation of an omnibus pre-answer motion in which the defendant must advance every available Rule 12 defense and objection defendants may

3

have that is assertable by motion." 5C Charles Alan Wright and Arthur R. Miller, et al., Federal Practice and Procedure, § 1384 at 479. It is intended to prevent "piecemeal" presentation of defenses. *Ligeri v. State*, C.A. No. 07-207ML, at \*9 (D.R.I. Sep. 24, 2007)

9.  This required consolidation of defenses and objections in a <u>Rule 12</u> motion is salutary in that it works against piecemeal consideration of a case.... A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver [under subdivision (h)(1)(A)] reinforces the policy of subdivision (g) forbidding successive motions." Advisory Committee Notes for <u>Fed. R. Civ. P. 12</u>, subdivision (g). " *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554-N-BN, at \*1 (N.D. Tex. Sep. 2, 2016)

10. One of the "most important factor[s]" to consider is "the possibility of prejudice to the opposing party (Plaintiff)." Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C.2006); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330–31, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) (" *[I]n deciding whether to permit such an amendment, the trial court was required to take into account any prejudice that [opposing party] would have suffered as a result.* ").

11. This courts should consider plaintiff will be prejudiced, the TCPA does not specify a statute of limitations.  Further, the supreme Court has explained that a cause of action "is governed by § 1658's 4-year statute of limitations catch all" statute of limitations period set forth in the United States Code <u>28 U.S.C. § 1658(a)</u> provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action

accrues." *See also Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 382, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004) (explaining that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4–year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post–1990 enactment"). See Jones v. R.R. Donnelley & Sons Co. , 541 U.S. 369, 377-82, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004) also see *Giovanniello v. ALM Media, LLC,* 726 F.3d 106, 109 (2d Cir. 2013). *See e.g., Giovanniello v. ALM Media,* 726 F.3d 106 (2ND Cir. Aug. 8, 2013).

12. The statute of limitations is to avoid claims which are so old that evidence gets destroyed and memories fade.  For example, wireless providers are not required to retain call records for four years.  Some wireless providers save critical call information for only one year, defendants employees may move out of state of forget critical information or the length of delays of moving this case forward discovery would unduly increase and jeopardize plaintiff discovery request and delay the trial and plaintiffs will be economic harmed. See *Foman* v. *Davis,* 371 U.S. 178, 182 (1962) (dictum). In a matter as subsee *Kanelos* v. *Kettler,* 132 U.S.App.D.C. 133, 136-137, n. 15, 406 F.2d 951, 954-955, n. 15 (1968); *United States* v. *47 Bottles, More or Less,* 320 F.2d 564, 573-574 (CA3 1963); *Caddy-Imler Creations* v. *Caddy,* 299 F.2d 79, 84 (CA9 1962); 3 J. Moore, Federal Practice ¶ 15.08 [4] (2d ed. 1968), and here if defendants are allowed to skirt the FRCP, the prejudice to Plaintiff would be substantial.

13. The calls in this complaint ( Exhibit 1) are from 2019 to plaintiffs cell phone and defendant have placed far more call to plaintiff office number 413-XXX-4500 so many times after plaintiff revoked consent,  filed multiple complaints against defendants

plaintiff had to shut his office phone off and has been ran out of business because plaintiff cannot operate any transportation business when defendant are allowed to place calls as early as 5:30 am until late in the evening with an ATDS and artificial computerized messages everyone to 5 minutes tying up plaintiffs ability to communicate with anyone plaintiffs has already been injured as defendant believe they can keep violation plaintiffs civil rights and the courts will not allow plaintiff to hold defendants accountable for their actions that are contrary to Federal and State laws, plaintiff has already suffered substantial damage and will suffer prejudice if defendants are allowed to not follow the FRCP or if the case keeps getting prolonged.

14. Plaintiff attached Exhibit 2 TCPA Flow Chart, Exhibit 3 CD with message left by Defendant on plaintiff's cell phone and Exhibit 4 Plaintiff two letters mailed by Certified Return Receipt Green card as proof consent was revoked as early as 2016.

15. The basic rule is that damages are recoverable under the TCPA acts only if suit therefor is "commenced within four years after the cause of action accrued," 15 U.S.C. § 15b, plus any additional number of years during which the statute of limitations was tolled. Generally, a cause of action accrues, and the statute begins to run when a defendant commits an act that injures a plaintiff's or his business. See, *e. g., Suckow Borax Mines Consolidated, Inc.* v. *Borax Consolidated, Ltd.*, 185 F.2d 196, 208 (CA9 1950); *Bluefields S. S. Co.* v. *United Fruit Co.*, 243 F. 1, 20 (CA3 1917), appeal dismissed, 248 U.S. 595 (1919); *2361 State Corp.* v. *Sealy, Inc.*, 263 F. Supp. 845, 850 (ND Ill. 1967).

16. This much is plain from the treble-damage statute itself, in the context of a continuing ongoing acts contrary to the TCPA and other Federal and State statues such as in the instant case, this has usually been understood to mean that each time a plaintiff is injured

by an act of the defendants a cause of action accrues to him to recover the damages

caused by that act and that, as to those damages, the statute of limitations runs from the

commission of the act. See, *e. g., Crummer Co.* v. *Du Pont,* 223 F.2d 238, 247-248 (CA5

1955); *Delta Theaters, Inc.* v. *Paramount Pictures, Inc.,* 158 F. Supp. 644, 648 (ED La.

1958); *Momand* v. *Universal Film Exchange, Inc.,* 43 F. Supp. 996, 1006 (Mass. 1942),

aff'd, 172 F.2d, at 49.

17. However, each separate cause of action that so accrues entitles a plaintiff to recover not

only those damages which he has suffered at the date of accrual, but also those which he

will suffer in the future from the particular invasion, including what he has suffered

during and will predictably suffer after trial. See, *e. g., Farbenfabriken Bayer, A. G.* v.

*Sterling Drug, Inc.,* 153 F. Supp. 589, 593 (NJ 1957); *Momand* v. *Universal Film*

*Exchange, Inc., supra,* at 1006. Cf. *Lawlor* v. *Loewe,* 235 U.S. 522, 536 (1915).

18. Thus, if a plaintiff feels the adverse impact of a TCPA act on a particular date, a cause of

action immediately accrues to him to recover all damages incurred by that date and all

provable damages that will flow in the future from the acts of the conspirators on that

date. To recover those damages, he must sue within the requisite number of years from

the accrual of the action.

19. On the other hand, it is *hornbook* law, that even if injury and a cause of action have

accrued as of a certain date, future damages that might arise from the conduct sued on are

unrecoverable if the fact of their accrual is speculative or their amount and nature

unprovable. *Moe Light, Inc.* v. *Foreman,* 238 F.2d 817, 818 (CA6 1956); *Chicago N.W.*

*R. Co.* v. *De Clow,* 124 F. 142, 143 (CA8 1903); *Culley* v. *Pennsylvania R. Co.,* 244 F.

Supp. 710, 715 (Del. 1965). Cf. *Howard* v. *Stillwell Bierce Mfg. Co.*, 139 U.S. 199, 206

(1891). *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 338 (1971).


**WHEREFORE:** Because Defendants only raises claim preclusion defenses in the First MTD

their Second MTD, 12(b)(6) defenses must be waived and defendant's 2nd MTD should be

struck, and fees should granted to plaintiff or the courts coffers in the amount determined by this

court as defendants were warned that defense they planned had been waived.


Paul Jones            /s/ Paul Jones                    October 11, 2021

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

617-939-5417

## CERTIFICATE OF SERVICE

I, Paul Jones the plaintiff certify that the above document was filed electronically with the court and

defendants it will be sent electronically and by First class mail to counsel of record.

Respectfully Submitted

Paul Jones   /s/ Paul Jones                                      October 11, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

Mark R. Reich
Deborah I. Ecker
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com,
mreich@k-plaw.com
(617) 556-0007

## VERIFICATION AND CERTIFICATION

### STATE OF MASSACHUSETTS

### Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this complaint and is over the age of 21, I believe that this Motion to Strike is well grounded in fact and warranted by existing or by law or by a good faith argument for the extension

I believe it is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s). I have filed it in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

The plaintiff has reviewed the motion, regarding the allegations of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true.

Regarding the allegations of which the plaintiff does not have personal knowledge, the plaintiff believes them to be true based on specified information, documents, or both.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing pleading is true and correct.


Paul Jones          /s/ Paul Jones

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

617-939-5417