UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 1:20-cv-12076-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY,

    Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

## INTRODUCTION

Defendant, Montachusett Regional Transit Authority ("MART" or "Defendant") hereby files this Opposition to Plaintiff's Motion to Strike Defendant's Second Motion to Dismiss ("Motion to Strike").

Plaintiff Paul Jones ("Plaintiff") filed his Motion to Strike seeking to have this Court strike Defendant's second Motion to Dismiss on the grounds that Defendant had waived any defenses Defendant had to file a second Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by failing to specifically assert the defense that forms the basis for Defendant's second Motion to Dismiss in Defendant's first Motion to Dismiss. Plaintiff's Motion to Strike must be denied not only because Defendant asserted in its first Motion to Dismiss that if the Court did not grant its first motion on the grounds of claim preclusion Defendant would file a second motion to dismiss, but under the Federal Rules of Civil Procedure, Defendant is not barred from filing a second motion to dismiss and did not waive its defenses under Rule Fed. R. Civ. P. 12(b)(6) by failing to include them in its first Motion to Dismiss as Plaintiff claims. As further grounds Defendant states as follows:

On December 22, 2020, Defendant filed a Motion to Dismiss Plaintiff's Second Federal Court Complaint ("first Motion to Dismiss") on the grounds that Plaintiff had already filed a lawsuit against Defendant for the violation of the Telephone Consumer Protection Act, 47 U.S.C., § 227(b)(1)(A)(iii) ("TCPA"), based on the Defendant's placement of automated calls to Plaintiff's cellular telephone and that the Court had granted Defendant's motion to dismiss Plaintiff's TCPA claims against Defendant in Plaintiff's first lawsuit.  See, *Paul Jones v. MART et al. 4:13-cv-11093-TSH*.  In footnote 2 of Defendant's first Motion to Dismiss, Defendant stated that "[i]f the Court is not inclined to dismiss Plaintiff's First Amended Verified Complaint on the grounds that it is duplicative, MART will file a separate motion to dismiss Plaintiff's First Amended Complaint on the same grounds that MART successfully moved to dismiss Plaintiff's claims against MART for the violation of the TCPA contained in Plaintiff's Original Complaint."  On, September 13, 2021, the Court denied Defendant's first Motion to Dismiss on the grounds that claim preclusion does not preclude litigation of events arising after the filing of the first complaint that formed the basis of the first lawsuit.

Accordingly, as Defendant set forth in footnote 2 of Defendant's first Motion to Dismiss, on September 27, 2021, Defendant filed a second Motion to Dismiss seeking to dismiss Plaintiff's claims under the TCPA on the very same grounds that it sought to dismiss Plaintiff's TCPA claims in Plaintiff's first federal court lawsuit, that Plaintiff was not a consumer when the calls were placed to his cellular phone. Rather, Defendant called Plaintiff as dispatcher for his employer, CCRD, to offer CCRD trips pursuant to the contract between CCRD and Defendant.

Plaintiff's assertion in his Motion to Strike that Defendant waived its substantive defense to Plaintiff's TCPA claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") is erroneous. Rule 12(b)(6) provides in relevant part, "[a] motion asserting any of these defenses must be made

before pleading if a responsive pleading is allowed . . ..." Pursuant to Fed. R. Civ. P. 7, a motion to dismiss is not considered a responsive pleading. Accordingly, Defendant did not waive its defenses under Fed. R. Civ. P. 12(b)(6) as Plaintiff claims because no responsive pleading has yet been filed.

Likewise, Plaintiff's assertion that Defendant cannot bring a second motion to dismiss, or motion for judgment on the pleadings under Fed. R. Civ. P. 12(g)(2) ("Rule 12(g)(2)") is also incorrect. Rule 12(g)(2) does not preclude Defendant from filing a second motion to dismiss or other type motion as Plaintiff claims because Rule 12(g)(2), provides for an exception, "[e]xcept as provided in Rule 12(h)(2) or (3)." Fed. R. Civ. P. 12(h)(2) provides as follows:

> (2) **When to Raise Others.** Failure to state a claim upon which relief may be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>
> (A) in any pleading allowed or ordered under Rule 7(a);
> (B) by a motion under Rule 12(c); or
> (C) at trial.

Accordingly, Rule 12(h)(2) does not preclude Defendant from filing a second motion to dismiss, albeit it may be converted to a motion for judgment on the pleadings under Rule 12(c), and Defendant has not waived its defenses under Rule 12(b)(6) by not asserting such defenses in its first Motion to Dismiss. Motions to dismiss for failure to state a claim upon which relief may be granted, are not waived as Plaintiff claims. Rather, Fed. R. Civ. P. 12(h)(1) makes clear that only defenses listed in Fed. R. Civ. P. 12(b)(2)-(5) may be waived by omitting them from a motion in circumstances described in Rule 12(g)(2). Plaintiff's Motion to Strike should be denied because the Federal Rules of Civil Procedure do not preclude Defendant from filing a second motion to dismiss and Defendant did not waive its defense to file a motion for failure to state a claim.

WHEREFORE, for all the preceding reasons, Defendant respectfully requests that this honorable court deny Plaintiff's Motion to Strike Defendants' Second Motion to Dismiss.

|  |  |
|---|---|
|  | DEFENDANT |
|  | MONTACHUSETT REGIONAL TRANSIT AUTHORITY<br>By its attorneys, |
|  | */s/ Deborah J. Ecker*<br>Mark R. Reich (BBO# 553212)<br>Deborah I. Ecker (BBO# 554623)<br>KP Law, P.C.<br>101 Arch Street, 12th Floor<br>Boston, MA  02110-1109<br>(617) 556-0007<br>mreich@k-plaw.com |
| Dated: October 22, 2021 | decker@k-plaw.com |

784379v2/37800/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  October 22, 2021                              /s/ Deborah I. Ecker