UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

                Plaintiff.

v.                                                 Civil Action No. 1:20-cv-12076-TSH

MONTACHUSETTE REGIONAL

TRANSIT AURTHORITY et al.

                Defendants.

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

1. Defendant improperly raises three issues for the first time in the Reply Memorandum of Law in Support of Defendant Montachusetts Regional Transit Authority (Defendants) Motion to Strike , Dkt. No. 20.

2. First, Defendant imagined misconduct of Plaintiff interpretation of Federal Rules of Civil Procedure Rule 12(g)(2) which is not only not improper but is required for defendants to meet Rule 12(g)(2) burden in filing their Second Motion to Dismiss ("MTD").

3. Defendants misinterpretation of Rule 12(g)(2) exception is contrary to the FRCP, this Rule can only be challenged if defendants can show plaintiff filed a new amended complaints under Rule 12(b)(6) after a motion to dismiss the initial complaint was filed or denied by the court, or if plaintiff added a claim, it would then supersedes the original

1

PDF processed with CutePDF evaluation edition   www.CutePDF.com

complaint and is therefore susceptible to a renewed motion to dismiss, the defendants would be free to challenge plaintiff new complaint under Rule (12)(h)(2) *see also Thayer Corp. v. Reed*, No. 2:10-cv-00423-JAW, 2011 WL 2682723, at *4 (D. Me. July 11, 2011) ("'Rule[ ] 12(h)(2). Defendant cannot escape the clutches of Rule 12(g)(2).

4. Second defendant misinterpreted Rule 12(h)(2) this rule preclude Defendant from filing a second motion to dismiss and can only be converted to a motion for judgment on the pleadings under Rule 12(c) after a responsive pleading is filed and the pleadings are closed they are not.

5. Third defendants misinterpreted Federal Rule of Civil Procedure 12(c) and Rule 7 (a) Defendants attorney are well aware that ("Rule 12(c)") provides that Under Rule 12(c) of the Federal Rules of Civil Procedure, "after the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Although a Rule 12(c) motion for judgment on the pleadings considers the factual allegations in both the ***complaint*** and the ***answer***, it is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Keenan v. Wells Fargo Bank*, *N.A.*, No. 16-10653-NMG, 2017 WL 1197741, at * 2 (D. Mass. Mar. 30, 2017)(*citing Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008)). *O'Hara v. Standard Fire Ins. Co.*, CIVIL ACTION No. 16-12378-GAO, at *9 (D. Mass. Mar. 30, 2018), Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006).

6. Fourth Defendants Misinterpreted Rule 7(a) which states (2)When to Raise Others. Failure to state a claim upon which relief may be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

## RELIEF REQUESTED

WHEREFORE, for good cause shown, Plaintiff respectfully requests that this motion be granted, and that the Court grant Plaintiff leave to file a sur-reply in further opposition to Defendant's opposition to Plaintiffs Motion to Strike.

Paul Jones

/s/ Paul Jones

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. D. Mass. 7.1(a)(2) and 37.1(b), I certify that, on October 25, 2021, I conferred in good faith with counsel for defendants prior to filing this motion. Counsel for defendant opposes this motion.

Paul Jones

/s/ Paul Jones

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court on October 25, 2021, Service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.

Paul Jones
/s/ Paul Jones
572 Park Street                                              October 25, 2021
Stoughton, Ma 0272
617-939-5417
Pj22765@gmail.com

Mark R. Reich
Deborah I. Ecker
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com