UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 1:20-cv-12076-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

    Defendants

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMMENCE LIMITED DISCOVERY

    Defendant, Montachusett Regional Transit Authority ("MART" or "Defendant") hereby opposes Plaintiff's Emergency Motion to Commence Limited Discovery to Preserve and Obtain Crucial Consent and Call Record Evidence ("Emergency Motion") on the grounds that there is a pending motion to dismiss if which granted would negate the need for discovery, no Rule 16.1 Conference has been held and on the grounds that there is no emergency.

    This is the second complaint that Plaintiff has filed against MART for the violation of the Telephone Consumer Protection Act, 47 U.S.C., §§ 227 ("TCPA") for among other reasons, that Plaintiff was not a MART "consumer" as that is defined under the TCPA. The Court granted MART's Motion to Dismiss Plaintiff's claims for the violation of the TCPA against MART in a previous lawsuit filed by Plaintiff, *Paul Jones v. Montachusett Regional Transit Authority, et al., United States District court Docket No. 4:19-cv-11093-TSH* ("First Lawsuit). The only difference between the claims Plaintiff now brings against MART and those brought in Plaintiff's First Lawsuit alleging violation of the TCPA is the time period within which Plaintiff alleges the subject calls occurred, now being June 17, 2019 to July 19, 2019. Plaintiff has

appealed the Court's dismissal of his claims in the First Lawsuit, which appeal is currently pending.

Based on the Court's decision in the First Lawsuit, MART filed a Motion to Dismiss the above referenced First Amended Verified Complaint (Second Complaint) for the same reasons this Court dismissed Plaintiff's TCPA claim in Plaintiff's First Lawsuit, that the complained-of telephone calls are not the type protected under the TCPA, as those calls were made to Plaintiff not as a consumer, but in his role as the dispatcher/manager of a MART vendor, Community Recovery Division Inc. ("CCRD"). MART's Motion to Dismiss Plaintiff's Second Complaint is pending before the Court.[1] Given the prior ruling in the First Lawsuit, Defendant's Motion to Dismiss filed in this matter, should be granted making the conduct of any discovery unnecessary. Defendant should not have to incur the cost of engaging in discovery given the posture of Plaintiff's various lawsuits against Defendant and given the likelihood of success of Defendant's Motion to Dismiss.[2] Certainly given that the above referenced lawsuit was filed in November 27, 2020, no such emergency exists at this time. Plaintiff merely seeks to harass and cause MART to have to incur additional attorneys' fees by seeking discovery at this time.

WHEREFORE, Defendant respectfully requests that this honorable Court deny Plaintiff's Emergency Motion to Commence Limited Discovery to Preserve and Obtain Crucial Consent and Call Record Evidence.

---

[1] In addition to filing an Emergency Motion, Plaintiff also filed a Motion for Partial Summary Judgment. Defendant intends to file a motion to strike Plaintiff's Motion for Partial Summary Judgment given that there is currently a Motion to Dismiss pending before the Court which if granted would render Plaintiff's Motion for Partial Summary Judgment moot.
[2] Plaintiff also filed a complaint against MART in State Court, *Paul Jones v. MART et al, Suffolk Superior Court C.A. No. 2184CV01662*, which complaint was dismissed. Plaintiff has appealed the dismissal of that lawsuit as well.

DEFENDANTS,

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: June 23, 2022

819587/MART/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  June 23, 2022                              /s/ Deborah I. Ecker

3