UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 1:20-cv-12076-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

    Defendants

DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE STAY UNTIL THE COURT HAS RENDERED A DECISION ON DEFENDANT'S MOTION TO DISMISS

    Defendant, Montachusett Regional Transit Authority ("MART" or "Defendant") hereby moves to strike Plaintiff's Motion for Partial Summary Judgement for Court I ("Motion for Summary Judgment") or in the alternative stay Plaintiff's Motion for Summary Judgment until such time as the Court renders a decision on Defendant's pending Motion to Dismiss. As grounds therefore Defendant states as follows:

1. Plaintiff filed this second complaint against MART for the violation of the Telephone Consumer Protection Act, 47 U.S.C., §§ 227 ("TCPA") on November 27, 2020.

2. On September 13, 2021, the Court denied MART's Motion to Dismiss Plaintiff's Complaint filed by Defendant on the grounds of claim preclusion.

3. As a result, MART filed a second Motion to Dismiss on September 27, 2021, seeking to dismiss Plaintiff's Complaint for among other reasons, that Plaintiff was not a MART "consumer" as that is defined under the TCPA.  Plaintiff filed an Opposition

to Defendant's second Motion to Dismiss on or about October 25, 2021. Defendant's second Motion to Dismiss is currently pending before the Court.

4. The Court granted MART's Motion to Dismiss Plaintiff's claims for the violation of the TCPA against MART in a previous lawsuit filed by Plaintiff, *Paul Jones v. Montachusett Regional Transit Authority, et al.*, United States District court Docket No. 4:19-cv-11093-TSH ("First Lawsuit"). The only difference between the claims Plaintiff now brings against MART and those brought in Plaintiff's First Lawsuit alleging violation of the TCPA is the time period within which Plaintiff alleges the subject calls occurred, now being June 17, 2019 to July 19, 2019.

5. Plaintiff has now filed a Motion for Summary Judgment seeking to rehash the allegations contained in his Complaint and in his Opposition to Defendant's Motion to Dismiss. Plaintiff's filing of a Motion for Summary Judgment while Defendant's Motion to Dismiss is pending is not only improper, but given the factual allegations contained in the Complaint, the attached exhibits and the Court's decision in the First Lawsuit on the very same claims, albeit from a different time period, duplicative.

6. Defendant should not be forced to incur yet more attorneys' fees in having to oppose Plaintiff's Motion for Summary Judgment while Defendant's Motion to Dismiss is pending. If Defendant's Motion to Dismiss is granted, which is likely given the Court's prior ruling in the First Lawsuit, Plaintiff's Motion for Summary Judgment is moot.

7. If the Court is not inclined to strike Plaintiff's Motion for Summary Judgment, Defendant respectfully request that this Court stay Plaintiff's Motion for Summary

Judgment and not require Defendant's to file an opposition to it unless and until the Court denies Defendant's pending Motion to Dismiss.

WHEREFORE, Defendant respectfully requests that this honorable Court strike Plaintiff's Motion for Partial Summary Judgment for Count I or in the alternative stay the Motion and not require Defendant to file an opposition until such time as the Court renders a decision on Defendant's Motion to Dismiss.

DEFENDANTS,

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

*/s/ Deborah I. Ecker*
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: June 23, 2022

819599/MART/0006

## CERTIFICATE OF SERVICE

    I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  June 23, 2022                                   /s/ Deborah I. Ecker