UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff.

v.                                                    Civil Action No. 1:20-cv-12076-TSH

MONTACHUSETTS REGIONAL

TRANSIT AUTHORITY et al.

Defendant.

**PLAINTIFF'S RULE 56.1 STATEMENT**

**OF UNDISPUTED FACTS**

1. Plaintiff subscribed to the telephone number (617) 939-5417 (the "5417" Number"). Account Number: 929524857 (Exhibit 1).

2. The 5417 Number is a cellular telephone number serviced by Sprint / T-Mobile. (Exhibit 1)

3. On June 17, 2019, Plaintiff began receiving artificial prerecorded calls from defendants on the 5417 Number with the artificial prerecorded message. Dckt 6 ¶ 8.

4. Plaintiff sent defendant at least two letters revoking all consent that they may have thought they had as early as November 2016 and February 2017 orally and by certified mail return receipt. Dckt 6 ¶ 9.

1

5. On 06/14/2019 Plaintiff filed his first Verified Amended Complaint in this court putting the defendants on notice that they were violating the TCPA. See Plnt affidavit # 28. Also see Plnt PMSJ ¶ 6.

6. On December 11, 2019, the plaintiff filed a second lawsuit for violations of the TCPA putting plaintiffs on notice that they were violating the TCPA 1:20-cv-12076-TSH. See Plnt affidavit ¶ 27. Also see Plnt PMSJ ¶ 7.

7. Plaintiff pays Sprint / T-Mobile approximately $111.00 per month for his cellular telephone service. see Plnt PMSJ ¶ 11.

8. Plaintiff's employer Commonwealth Community Recovery Division Inc ("CCRD") had a contract with Defendant from 2015 to 2020. See Plnt PMSJ ¶ 12.

9. Plaintiff never had any type of contract with the defendants including a bargained-for-exchange contract and never consented to receive the artificial prerecorded message to his 5417 number. See Plnt PMSJ ¶ 13.

10. Defendants' calls to the 5417 Number came from telephone numbers (978) 252- 0091 and (978) 424-9002. See Plnt PMSJ ¶ 14.

11. Defendants used its Enterprise Outbound Interactive Voice Response ("IVR") dialer to place all 39 artificial prerecorded messages to the 5417 number (Cellular Telephone). See Plnt PMSJ ¶ 16.

12. When Plaintiff answered the calls from the defendant, or when he listened to voicemail messages left by the defendants, I heard a prerecorded message some were silent some were disconnected. See Plnt PMSJ ¶ 18.

13. Some of the defendant's voicemail messages were silent, lasting only a few seconds to one minute and a half.

14. Defendants prerecorded messages stated " "*I found 1 trip in this request you must be authorized to except new trips from MART please listen to the following carefully press five to hear the trips now press six if you cannot accept these trips right now and would like to receive a call back in a few minutes press seven if you wish to decline these trips please make your selection now if you would like to hear these options again press eight."* See Plnt PMSJ ¶ 18.

15. Plaintiff provided defendant with two additional numbers to reach CCRD. See Plnt PMSJ ¶ 22.

16. On or about 06/14/2019, Plaintiff emailed a copy of the Verified Amended Complaint to the defendants which again placed the defendants on notice that a TCPA lawsuit was filed against

them, and they did not have consent to place calls or prerecorded messages to the 5417 Number. See Plnt PMSJ ¶ 23.

17. On or about 06/17/2019, Plaintiff' asked the defendants and their counsel to stop placing calls to the 5417 Number. See Plnt PMSJ ¶ 72.

18. On June 13, 2013, the FCC 2013 DECLARATORY RULING no longer relieved advertisers of prior unambiguous written consent requirements to call cellular phones with artificial prerecorded messages. See 2013 FCC Ex 6 *"We recently strengthened consumer protections, among other things, by amending our rules to require prior express written consent for all autodialed and prerecorded telemarketing calls to wireless numbers and for prerecorded telemarketing calls to residential lines, thereby eliminating the prior "established business relationship" exemption for such calls to residential lines. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (CG Docket No. 02-278), Report and Order, 27 FCC Rcd 1830, para. 2 (2012). In doing so, we expressly sought to "harmonize our rules with those of the FTC[]." Id"*.

19. Defendants placed 59 unsolicited calls and left 36 artificial prerecorded messages to the 5417 Number after June 14, 2019. See Plnt Affdvt. ¶ 3.

20. On June 13, 2013, the FCC 2013 DECLARATORY RULING abolished the Established Business Relationship rule which only applied to landlines. See 2013 FCC Ex 6 Also See Plnt Affdvt. ¶ 3.

21. On June 13, 2013, the FCC 2013 DECLARATORY RULING took effect on October 16, 2013. See 2013 FCC Ex 6 Also See Plnt Affdvt. ¶ 3.

22. The 2013 FCC 2013 DECLARATORY RULING stated, "our rules to require prior express written consent for all autodialed and prerecorded telemarketing calls to wireless numbers and for prerecorded telemarketing calls to residential lines, thereby eliminating the prior "established business relationship" See Ex. 6 and also See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (CG Docket No. 02-278), Report and Order, 27 FCC Rcd 1830, para. 2 (2012).

23. The defendants never had prior express written consent from the plaintiff to place any calls to his 5417. See Plnt PMSJ. ¶ 45 ( c ).

24. The defendants never had express consent from the plaintiff to place calls to his 5417. See Plnt PMSJ. ¶ 45 ( c ).

25. The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent. See VAC ¶ 39.

26. When the defendants placed the calls to the plaintiff's cellular telephone number (5417) it was not for emergency purposes. See 47 U.S.C. § 227(b)(1)(B).

27. On June 18, 2015, the Federal Communications Commission ("FCC") adopted a proposal to strengthen the protection of consumers against unwanted robocalls. (See Exhibit 2).

28. In its June 18, 2015, ruling FCC held that "[c]onsumers have the right to revoke their consent to receive robocalls and robotexts in any reasonable way at any time." (See Exhibit 2).

29. The Verified Amended Complaint is sworn under penalty and perjury under oath Pursuant to 28 U.S.C. § 1746.

30. The Verified Amended Complaint is a functional equivalent of an affidavit under rule 56 (e). See VAC Dckt 6.

31. There is no established business relationship exemption that applies to autodialed calls made to cellular phones. See Plnt PMSJ. ¶ 47.

32. There is no exception for autodialed or artificial/computerized (prerecorded) calls to cell phone numbers of persons with whom the caller has an established business relationship. See Plnt PMSJ. ¶ 46.

33. I never provided my cellular telephone to Defendant for purposes of calling me with artificial prerecorded robocalls. See Plnt PMSJ. ¶ 48.

34. Plaintiff suffered a concrete Article III harm depleting my cell phone battery, personal injury, actual damages, Invasion of privacy, and loss of income. See Plnt PMSJ. ¶ 63. Also See Plnt affidavit ¶ 16.


Paul Jones /s/ Paul Jones                                   July 8, 2022
572 Park Street
Stoughton, Ma 02072
617-939-5417
PJ22765@gmail.com