UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **PAUL JONES,** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:20-12076-TSH |
| v. | ) ) ) | |
| **MONTACHUSETT REGIONAL TRANSIT AUTHORITY,** | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER AND MEMORANDUM ON DEFENDANT'S SECOND MOTION TO DISMISS (Docket No. 13) AND PLAINTIFF'S MOTION TO STRIKE (Docket No. 15)**

**July 12, 2022**

**HILLMAN, D.J.**

In May 2019, Paul Jones ("Plaintiff") sued Montachusett Regional Transit Authority ("Defendant"). *See Jones v. Montachusett Regional Transit Authority*, 2020 WL 1325813, at *1 (D. Mass. Feb. 7, 2020). Plaintiff alleged, *inter alia*, that Defendant placed calls to his cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. *See id.* Defendant moved to dismiss Plaintiff's complaint, and a Magistrate Judge recommended granting the motion as to Plaintiff's TCPA claims. *See id.* at *4. Over Plaintiff's objection, the Court adopted the Magistrate Judge's recommendation and dismissed Plaintiff's TCPA claims. *See Jones v. Montachusett Regional Transit Authority*, 2020 WL 1333097, at *1 (D. Mass. Mar. 4, 2020).

In November 2020, Plaintiff commenced the instant action, again alleging that Defendant placed calls to his cellular telephone in violation of the TCPA. (Docket No. 1). Defendant moved

to dismiss the complaint as duplicative of the first, but the Court denied the motion because the instant complaint alleges separate, later violations of the TCPA.  (Docket No. 12).

Defendant now moves to dismiss for failure to state a claim, asserting, as it did in the first action, that Plaintiff is not a consumer within the meaning of the TCPA.  (Docket No. 14).  Plaintiff moves to strike Defendant's second motion to dismiss under Federal Rule of Civil Procedure 12(g).  (Docket No. 15).  Rule 12(g) is not implicated here because a motion to dismiss for failure to state a claim "may be raised at any time in the proceedings before disposition on the merits."  *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 388 (1st Cir. 2001).  Thus, Plaintiff's motion to strike is ***denied***.

Plaintiff's complaint in this action shares the same core factual allegations as Plaintiff's complaint in the first action.  Plaintiff alleges that Defendant repeatedly placed automated calls to his cellular telephone despite Plaintiff having instructed Defendant not to do so.  Per Defendant's unopposed request, the Court takes judicial notice of Plaintiff's pleadings in the first action.  *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993); *DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 129 (D.N.H. 2021).  There, Plaintiff made clear that the automated calls related to his potential work for Defendant.  *See Jones*, 2020 WL 1325813, at *4.  As before, the Court concludes that Plaintiff lacks statutory standing to maintain his TCPA claims.  *See id.*  Accordingly, Defendant's motion to dismiss is ***granted***.

**SO ORDERED**

                                                               ***/s/ Timothy S. Hillman***
                                                               **TIMOTHY S. HILLMAN**
                                                                     **DISTRICT JUDGE**