# United States Court of Appeals
## For the First Circuit

No. 22-1569

PAUL JONES,

Plaintiff - Appellant,

v.

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY,

Defendant - Appellee.

Before

Kayatta, Lynch and Montecalvo,
Circuit Judges.

**JUDGMENT**

Entered: November 30, 2023

    Paul Jones, pro se, challenges the district court's dismissal of his claims for relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, pursuant to Fed. R. Civ. P. 12(b)(6). Jones also challenges the district court's denial of the district court's motion to strike defendant's Rule 12(b)(6) motion pursuant to Fed. R. Civ. P. 12(g).

    This action was commenced after the interlocutory dismissal of similar claims filed in separate lawsuit. The district court dismissed the TCPA claims in both cases on the ground that Jones lacked statutory standing to bring them because the telephone calls in issue were made in the context of the parties' business relationship and in furtherance of a contract for the provision of transportation services. An appeal from the judgment entered in that case is addressed in a contemporaneous decision by this court. See Jones v. Montachusett Regional Transit Authority, No. 22-1234 (1st Cir. Nov. 30, 2023). For the same reasons discussed in that decision, the stated basis for dismissal of the claims brought under § 227(b)(1)(A)(iii) of the TCPA in this case is not supportable, and we must remand for further proceedings.

**BACKGROUND**

In November 2019, Jones filed a complaint against Montachusett Regional Transit Authority ("MART") and others alleging, inter alia, that MART violated § 227(b)(1)(A)(iii) of the TCPA by initiating calls to his cell phone using an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice between May 2016 and June 2019 without his prior express consent. Jones also asserted claims under § 227(c)(5) of the TCPA, which allows a private right of action for violations of the national do-not-call registry regulations, see 47 U.S.C. § 64.1200(c)-(d).

MART moved to dismiss the complaint, arguing that Jones lacked statutory standing to bring claims under the TCPA because the calls were made in the context of the parties' business relationship in furtherance of a contract between MART and the livery services company Jones operated. In February 2020, a magistrate judge recommended that the TCPA claims be dismissed, finding that Jones lacked statutory standing to maintain his claims under the TCPA because the "established business relationship exception" applied, and because Jones "failed to allege that the calls constituted telephone solicitations or that he was a consumer within the meaning of the TCPA." Jones v. Montachusett Reg. Trans. Auth., No. 4:19-cv-11093-TSH, Rep. & Rec. at 6-8 (D. Mass. Feb. 7, 2020). The district court adopted the Report and Recommendation over Jones's objection and dismissed the TCPA claims with prejudice while allowing other claims to go forward. The case proceeded and final judgment was eventually entered in March 2022. Jones's appeal from that decision was docketed as Appeal No. 22-1234.

Meanwhile, in November 2020, Jones commenced the instant action, alleging that MART placed additional calls to his cell phone in violation of the prohibitions set forth in § 227(b)(1)(A)(iii) of the TCPA. This time, Jones based his claim on calls made between June 17, 2019 and July 20, 2019. Jones asserted that the calls were made after he expressly asked MART to stop directing them to his cell number. In an amended complaint, Jones added an explicit claim for statutory damages and injunctive relief pursuant to § 227(b)(3)(A) and (C), and further alleged that the calls in issue were placed after he registered his cell phone number on the national do-not-call list, and that he was therefore also entitled to damages under § 277(c)(5) of the TCPA. In addition, Jones added a count alleging that the calls violated § 227(b)(2)(B) of the TCPA, but the cited provision simply permits the FCC to exempt certain categories of calls from regulations it was directed to prescribe to implement the statutory autodialing prohibitions. See 47 U.S.C. §§ 227(b)(1)(B), 227(b)(2).

MART moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) on the ground that the claims asserted were "duplicative" of those filed in the earlier action. The district court denied the motion, finding that the TCPA claims in this case were based on a different set of calls that were placed after the first complaint was filed, and were not subject to claim preclusion. Shortly thereafter, MART filed a second Rule 12(b)(6) motion to dismiss, arguing, as it had in the earlier-filed case, that Jones lacked statutory standing to bring TCPA claims because the calls in issue were placed to him in his capacity as a dispatcher for a livery service acting as a subcontractor for MART; MART asserted that the business-related calls, which were not made for the purpose of telemarketing, solicitation, or advertising, were not prohibited by the TCPA. MART further argued that Jones's request that the calls be directed to a different phone number was "irrelevant."

Jones moved to strike the motion to dismiss, arguing that MART was barred from filing a second Rule 12 motion under Fed. R. Civ. P. 12(g), and that it had waived any defenses not raised in the first motion. In response, MART argued that a second motion asserting that the amended complaint failed to state a claim for relief was permissible under Rule 12(h)(2).

On July 12, 2022, the district court denied the motion to strike and granted the motion to dismiss. In denying the motion to strike, the district court found that Rule 12(g) was not implicated because a motion to dismiss for failure to state a claim could be raised at any time before disposition on the merits. As to the merits of the motion to dismiss, the district court found that the complaint shared the same core factual allegations as the complaint filed in the first action and, taking judicial notice of the pleadings filed in that case, concluded that Jones lacked statutory standing to maintain claims under the TCPA because it was clear that the autodialed calls in issue related to his potential work for MART. An order of dismissal entered on the same date and this appeal followed.

## DISCUSSION

### A. Rule 12(g)

Jones first challenges the district court's denial of his motion to strike and its allowance of MART's second motion to dismiss by citing the general rule for consolidation of defenses set forth in Rule 12(g). Jones maintains that MART waived the ground upon which the district court relied in granting the second motion to dismiss by failing to raise it in the first motion.

Rule 12(g)(2) generally requires that "a party that makes a motion under this rule [i.e., Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." But, by its terms, Rule 12(g)(2)'s general prohibition on consecutive Rule 12 motions applies "except as provided in Rule 12(h)(2) or (3)." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(2)(B) provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) . . . ." Jones argues that this exception does not apply because MART framed its motion as one seeking relief under Rule 12(b)(6) rather than Rule 12(c). However, the district court's failure to recast the motion made no practical difference because the same standard of review applies to Rule 12(b)(6) and Rule 12(c) motions. Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007); AIG Prop. Cas. Co. v. Green, 217 F. Supp.3d 415, 420 (D. Mass. 2016), aff'd sub. nom., AIG Prop. Cas. Co. v. Cosby, 892 F.3d 25 (1st Cir. 2018). Thus, MART's motion falls within the exception to the general rule expressed in Rule 12(g), and the district court did not err in entertaining the motion to dismiss and denying the motion to strike.

### B. TCPA

We review the district court's dismissal of Jones's TCPA claims de novo, "'tak[ing] the complaint's well-pleaded facts as true, and [] draw[ing] all reasonable inferences in [Jones's] favor.'" Frese v. Formella, 53 F.4th 1, 5 (1st Cir. 2022) (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)). "To survive dismissal, 'the complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id., 53 F.4th at 5-6 (quoting Barchock, 886 F.3d at 48 (internal quotation marks omitted)).

Here, as in the earlier-filed complaint, Jones first alleged that MART violated § 227(b)(1)(A)(iii) of the TCPA, which broadly prohibits "*any* person" from using "any [ATDS[1]] or an artificial or prerecorded voice" to make "*any* call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to *any* telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). As noted, the district court agreed with MART's contention that the calls in issue were not of the type prohibited the TCPA because they were made in the context of the parties' business relationship and in furtherance of the contract for the provision of transportation services, and they were not directed to Jones in his capacity as a private resident. However, as discussed in the parallel appeal, the pleadings alone do not establish that the calls in issue fall outside the broad prohibition of § 227(b)(1)(A)(iii). The statute by its terms exempts only calls made for emergency purposes and calls made with the prior express consent of the called party, 47 U.S.C. § 227(b)(1)(A)(iii), and the prohibition is not limited to telephone solicitations. See In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8022-23 (2015) (noting that "the TCPA contains unique protections for wireless consumers because autodialed and prerecorded calls are increasingly intrusive in the wireless context, . . . [and] the intrusion on the consumer's privacy from unwanted calls may actually be greater with wireless than wireline calls, where the calls are received on a phone that the consumer may carry at all times" (internal quotation marks omitted)).

Moreover, express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof. Breda v. Cellco P'ship, 934 F.3d 1, 4 n.4 (1st Cir. 2019) (elements of a TCPA claim under 227(b)(1)(A)(iii) are: (1) the defendant used an ATDS or artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular service or service for which the called party is charged for the call); further, a consumer who has provided express consent to receive autodialed or prerecorded/artificial voice calls may revoke that consent. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1048 (9th Cir. 2017); Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255 (11th Cir. 2014); Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268-72 (3d Cir. 2013); see also In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7966 (July 10, 2015) ("Consumers have a right to revoke consent, using any reasonable method including orally or in writing").

Here, Jones alleged that MART used an ATDS or artificial or prerecorded voice to call his cell phone, and further alleged that he revoked any consent to receive such calls before the calls in issue were placed. While the purpose of the calls and the business relationship of the parties may be relevant to the question of consent or revocation of consent, MART bears the burden of proof on that factual issue, and there was nothing in the pleadings filed in either case that refuted Jones's

---

[1]The TCPA defines an ATDS as a piece of "equipment which has the capacity -- (A) to store or produce telephone numbers to be called using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). MART does not dispute that an ATDS was used to place the calls in issue.

contention that he explicitly instructed MART to stop placing autodialed or prerecorded/artificial voice calls to his cell phone.

Further, any reliance by the district court on the finding in the Report and Recommendation issued in the earlier case that the calls by MART to Jones were subject to an "established business relationship" exception to autodialing restrictions is misplaced. As discussed in the appeal filed in that case, neither the statute nor the implementing regulation contains an exception for autodialed or prerecorded/artificial voice calls to wireless numbers. See 47 U.S.C. § 227; 47 C.F.R. § 64.1200. Thus, given the broad language of the statute and MART's failure to point to anything conclusively demonstrating that the calls were made with Jones's prior express consent, the allegations of a § 227(b)(1)(A)(iii) violation were sufficient to withstand the motion to dismiss.

Jones also argues that the district court erred in failing to address claims asserted under other provisions of the TCPA. But of the cited provisions, only § 227(c)(5) provides any additional basis for liability, and that section, which provides a right of action for violations of the regulations pertaining to the national do-not-call phone registry, applies only to "telephone solicitations." See 47 U.S.C. §§ 227(c)(1) & (c)(3); 47 C.F.R. § 64.1200(c)(2). Because a "telephone solicitation" is defined as a call initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services," but does not include a call "[t]o any person with whom the caller has an established business relationship," 47 C.F.R. § 64.1200(f)(14), Jones did not plausibly allege a violation of § 227(c)(5).

**CONCLUSION**

For the foregoing reasons, the July 12, 2022 Order of Dismissal is vacated only insofar as it dismissed the claim asserted under 47 C.F.R. § 227(b)(1)(A)(iii), and the matter is remanded for further proceedings consistent with this judgment.

By the Court:

Maria R. Hamilton, Clerk

cc:
Hon. Timothy S. Hillman
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Paul M. Jones
Deborah I. Ecker