UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,

         Plaintiff,

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY et al.,

         Defendant.

Civil No.1:20-cv-12076

## JOINT PROPOSED SCHEDULING PLAN

**Plaintiffs Statement:**

Plaintiff Paul Jones and Defendant Montachusett Regional Transit Authority, attorney of record Deborah Eckers could not come to an agreement on a jointly proposed Scheduling order. The Attorney of record for the defendant HB Software Solutions, Inc. (HBSS) Rich David stated, "I do not intend to participate in the filing of the scheduling order". Plaintiff also reached out to HBSS other attorney of record Surinder Ahluwalia to see if he would participate in the filing of the Proposed Scheduling order and Plaintiff was told "**Mr. Jones,** David Rich is the lead counsel for HBSS, and his emails leave little doubt about HBSS's position on the matter. Surinder". Attorney Deborah Eckers was the only attorney that made edits for the proposed Scheduling order, Plaintiff and Attorney Eckers had a disagreement as she wanted 1 proposed Scheduling order for both cases, after consulting with each other Deborah Eckers stated "However, to insure you have our revised documents for the proposed scheduling plan, attached is a redlined proposal for each of the outstanding federal court cases. As I previously told you, I believe it is less confusing to file the same document in each case, but if you prefer to file two separate

documents, see the attached". See email exhibits between Plaintiff and all attorneys attached as Exhibit 1.

**Defendants Proposals:**

In a decision dated November 30, 2023, the First Circuit Court of Appeals in Appeal Case No. 22-1569, remanded Plaintiff's claim brought pursuant to the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii) contained in Count I of Plaintiff's First Amended Complaint [Dkt. No. 7) and his claim for the violation of G.L. c. 151B, §§ 4(4) and 4(4A) and claim for the negligent infliction of emotional distress contained in Counts V and VI of Plaintiff's Second Verified Amended Complaint. [Dkt No. 55] in case No: 1:19-cv-11093.

The First Circuit Court of Appeals in Appeal Case No. 22-1569, also ordered remand on Plaintiff's TCPA claim brought in case No.: 1-20-cv-12076 pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).[1]

Pursuant to the Court's Order dated January 6, 2025, the Parties submit the following proposed scheduling plan:

**Plaintiff Proposal:** request 21 days up until February 19, 2025 to amend the complaint to add the counts and defendants that the Magistrate judge (First Circuit Reversed and Remanded to include) recommended be dismissed on 02/07/2020 Docket 45 and the previous District Judge Timothy S. Hillman accepted and adopted the Magistrate recommendation on 03/04/2025 which the appeals court reversed and remanded {The Court rules granting in part and denying in part Docket 32 Motion to Dismiss for Failure to State a Claim and granting Docket 35 Motion to

---

[1] In response to Plaintiff's representation regarding HBSS Attorneys in his introductory statement, Plaintiff does not complete the exchange he had with Attorney Rich who represents HBSS. In an email to Plaintiff, Attorney Rich advised him that he did not agree with [Plaintiff's] statement that "HBSS is 'back in the case pursuant to the First Circuit's decision." Attorney Rich advised Plaintiff that he intended to appear before the Court at the status conferences and seek confirmation of that fact. In an email to Plaintiff Attorney Ahluwalia advised Mr. Jones that Attorney Rich was the lead Counsel for HBSS.

Dismiss.) The defendants dismissed were HB Software Solutions, Inc. ("HBSS") and the counts where Plaintiff's TCPA claims against MART and HBSS WITH PREJUDICE (Count I and Count II in their entirety). • Plaintiff's Title VII claims against all individual defendants and HBSS WITH PREJUDICE (Count III and Count VI as to the individual defendants and HBSS). • Plaintiff's Title VI claims against all defendants WITH PREJUDICE (Count VII in its entirety). Plaintiff's Chapter 151B claims against HBSS WITH PREJUDICE (Count VIII as to HBSS). • Plaintiff's state law intentional infliction of emotional distress claim against HBSS WITH PREJUDICE and the claims against MART and the individual defendants WITHOUT PREJUDICE. The undersigned recommends that this court DENY MART and the individual defendants' motion to dismiss for the following counts: • Plaintiff's Title VII claims against MART (Count III and Count VI as to MART). • Plaintiff's Chapter 151B claims against MART and the individual defendants (Count VIII as to MART and the individual defendants).

The First Circuit Reversed and Remanded this case in plaintiffs favor the plaintiff request that the Judge give guidance on procedure to add defendant and Counts that where dismissed before the First Circuit Reversed and remanded the case.

**Defendant Proposal:**

Defendant objects to any amendments to the Complaint. The First Circuit Court of Appeals decision is clear on what claims remain to be decided on remand.

1. Initial Disclosures

   a. **Plaintiff Proposal:**

   Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by 14 days from February 19, 2025 (March 5, 2025) when plaintiff amends his complaint.

b. **Defendant's Proposal:**

Defendants do not believe that discovery is necessary and intend to file a motion for summary judgment for the following reasons in both pending cases:

1. On April 28, 2021, the Court (Hillman, J.) entered a Scheduling Order in Docket No. 4:19-cv-11093 allowing discovery to go forward on the issue of whether Plaintiff was an employee of the Defendant or an independent contractor [Dkt. No. 94], which Order was amended on May 5, 2021 [Dkt. No. 101]. Thereafter written discovery was propounded and Plaintiff conducted the deposition of a MART employee.

2. Plaintiff filed a third Complaint against Defendant in Suffolk Superior Court, Suffolk Superior Court C.A. No. 2184CV01662. Discovery was conducted in that case. Plaintiff propounded and Defendant responded to written discovery in that case as well.

3. If Plaintiff is allowed to propound discovery again, Defendant will submit the same responses and the same documents that include information relevant not only to Plaintiff's claims brought pursuant to G. L. c. 151B, and G.L. c. 258, but also to Plaintiff's claim brought pursuant to the TCPA. As set forth below, the only additional relevant document that Defendant will produce will be the Affidavit of the Executive Director of MART, Stephen Oldfield describing MART's Interactive Voice Response system (IVR) that anchors Plaintiff's TCPA claim.

4. Defendant intends to file a motion for summary judgment on Plaintiff's claims on the following grounds. No discovery is needed for Plaintiff to oppose MART's motion for summary judgment:

a. TCPA Claim - In *Facebook Inc. v. Duguid*, 592 U.S. 395 (2021) decided by the United States Supreme Court after Plaintiff filed his complaints, the Supreme Court clarified what type of system qualifies as an "automatic telephone dialing system" under the TCPA. Specifically, the Supreme Court held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Duguid*, 592 U.S. at 399. The definition of an autodialer thus "requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." The court expressly rejected the argument that ATDS simply encompasses any system with the "capacity to dial numbers without human intervention." *Duguid*, 592 U.S. at 404, 409. Discovery has already been produced to Plaintiff that makes clear that MART did not use a random or sequential number generator when calling him as the Dispatcher for CCRD, but instead, called Vendors such as CCRD to receive offers for trips, using a highly specific and targeted low-cost qualified transportation provider list.

b. G.L. c. 151B, §§ 4 (4) and 4(4A) – Plaintiff's claims brought pursuant to these sections of G.L. c. 151B must be dismissed because Plaintiff never filed a complaint for retaliation under either of those sections with the Massachusetts

Commission Against Discrimination or the EEOC for that matter, a prerequisite for a plaintiff to file a complaint under the statute in Court. G.L. c. 151B, §§ 5 and 9. Plaintiff does not need discovery on this issue since if he filed a retaliation complaint with the MCAD, he should be able to produce the complaint.

    c. Negligent Infliction of Emotional Distress- Plaintiff's claim for the negligent infliction of emotional distress must be dismissed because Plaintiff never presented his negligence claim in writing to the executive officer of MART as required under the Massachusetts Tort Claims Act, G.L. c. 258, § 4.

2. Amendments to Pleadings

Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed.

3. Fact Discovery – Interim Deadlines

**Plaintiff's Proposal**

(a) Written discovery (requests for production of documents, interrogatories, and requests for admissions) shall be served no later than [eight months from initial disclosures deadline].

(b) All depositions, other than expert depositions, must be completed by [seven months from initial disclosures deadline].

**Defendant's Proposal**

Defendant refers to Section 1b. above.

4. Fact Discovery – Final Deadline

**Plaintiff's Proposal**

All discovery, other than expert discovery, must be completed by [nine months from initial disclosures deadline].

**Defendant's Proposal**

Defendant refers to Section 1b above.

5. Status Conference

**Plaintiff's Proposal**

The Court will schedule a status conference shortly after the close of fact discovery to discuss case management issues such as the need for expert discovery and dispositive motions.

**Defendant's Proposal**

Because of the above, it is Defendant's position that no status conference is required prior to a decision on Defendant's motion for summary judgment.

6. Expert Discovery

**Plaintiff's Proposal**

(a) Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **[30 days after close of fact discovery]**.

(b) Plaintiff's trial experts must be deposed by **[60 days after close of fact discovery]**.

(c) Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **[90 days after close of fact discovery]**.

(d) Defendants' trial experts must be deposed by **[120 days after close of fact discovery]**.

**Defendant's Proposal**

Expert discovery is not needed for Plaintiff to oppose Defendant's motion for summary judgment. If the Court denies Defendant's motion for summary judgment, Defendants suggest that a status conference be scheduled and a date set for the designation of experts.

7. Dispositive Motions

**Plaintiff's Proposal**

(a) Dispositive motions, such as motions for summary judgment or partial summary judgment, must be filed by [30 days after close of expert discovery].

(b) Oppositions to dispositive motions must be filed within 21 days after service of the motion.

(c) Reply memoranda are permitted, provided that such reply memorandum does not exceed ten pages, is double-spaced, and is filed within 14 days after service of the opposition papers.

(d) Sur-reply memoranda are not permitted.

**Defendant's Proposal**

Defendant's motion for summary judgment to be filed by February 28, 2025.

9. **Trial by Magistrate Judge**

The parties **[do not]** consent to trial by magistrate judge at this time.

| | |
|---|---|
| Respectfully submitted, | DEFENDANT, |
| PLAINTIFF, *PRO SE* | MONTACHUSETT REGIONAL TRANSIT AUTHORITY, |
| | By its attorney, |
| /s/ Paul Jones | *Deborah J Ecker* |
| Paul Jones | Mark R. Reich (BBO# 553212) |
| 79 Thompson Street | Deborah I. Ecker (BBO# 554623) |
| Springfield, Ma 01109 | KP Law, P.C. |
| 617-939-5417 | 101 Arch Street, 12th Floor |
| Pj22765@gmail.com | Boston, MA 02110-1109 |
| | (617) 556-0007 |
| | mreich@k-plaw.com |
| | decker@k-plaw.com |

Dated: January 23, 2025